### CHARLES FABER vs. LORENTZ BRUNER.

Where the circuit courts refuse to set aside a judgment by default, the supreme court will not interfere, unless it appears that injustice has been done to the party complaining.

## ERROR to St. Louis Court of Common Pleas.

WHITTELSEY, for plaintiff in error.

That this court will sometimes review the discretion of the courts below, see case of Stout vs. C. & T, Lewis, 11 Mo. R. 438. In New York it is [the constant habit to set aside judgments by default at the same time, upon affidavit showing meritorious defence and due diligence; or an excuse for the want of it.

Faber vs. Bruner.

By the code of 1845, p. 815, sec. 42, upon an interlocutory judgment, the equity of damages shall be made at the next term after the default, unless the court direct it to be made at the same term. In this case the court made the order for an assessment of damages at the same term, but gave the defendant no day in court, no notice was given to the defendant, and that too in a case where most especially the defendant should have had an opportunity of at least showing some mitigating circumstances, or of showing the condition in life of the parties.

The case of Evans vs. Bowlin, 9 Mo. R. 406, seems to cover this precise point fully. The law was the same then as now, the statute was the same. No notice was given by the docket when the damages would be assessed. The docket was not made out and exposed in the clerk's office as required by law. But farther still the damages were not assessed upon the day upon which the cause was set upon the docket. But they were assessed upon a day when the party was not required to be present at a time of which he had no notice, appointed without authority of law, and for these irregularities, the defendant is entitled to have the assessment of damages set aside, and a new writ of enquiry was awarded. Rev. Code 815, sec. 42; Evans vs. Bowlin, 9 Mo. Rep. 406.

By revised code 1845, p. 132, sec 14: Every clerk is required before the commencement of the term to make out a docket of all cases for trial, enquiry of damages, &c. There is no pretence that in this case any such thing has been done.

The plaintiff contends in this case that upon the facts stated in the affidavit of the defendant below, that the defendant had good reason to believe that the matter between the parties was all settled, and the judgment by default was such a surprise, as should have required the court to set aside the default, and allow the defendant to plead.

2d. The fact that plaintiff remitted the sum of seven hundred and fifty dollars, shows that there was something out of the way, and unusual and unjust, or the plaintiff never would have consented to waive more than half of his verdict.

3d. The court below should have set aside the assessment of damages, because the same was taken irregularly, illegally and without notice to the defendant of the day that the damages would be assessed. See Evans vs. Bowlin, 9 Mo. R. 406.

HUDSON & HARVEY, for defendant.

The affidavit of Faber was insufficient to set aside the judgment by default. The affidavit discloses *no diligence* on the part of the defendant below. Green vs. Goodloe, 7 Mo. Rep. 25.

That because plaintiff made *professions of friendship* to defendant cannot surely excuse him from the examination of a suit which was then actually pending against him.

As the motion to set aside the judgment by default was made after the assessment of damages, said motion ought not to have been allowed. See code page 814, sec. 37.

By the 1st section of the 3d article under the head of Practice at Law, code, page 809, "Every defendant served with process fifteen days before the return day thereof, shall appear," &c.

By the law as it existed before the statute of 1845, an *imparlance term* was allowed. Hence the case of Evans vs. Bowlin, 9 Mo. Rep. page 406, is not applicable to this case at bar.

We insist that under the law approved March 27, 1845, all causes where the process was served fifteen days before the return day of the September term, 1846, were triable at that term, and as the process in the case was served more than fifteen days before the return day thereof, the defendant Faber, like all other defendants, at that term was bound to make his defence.

RYLAND, Judge, delivered the opinion of the court.

From the statement of this case the questions before us involve the

Faber vs. Bruner.

proper exercise of judicial discretion in the court below; arising on the want of diligence on the part of defendant.

This court has almost·invariably refused its interference in such cases—deeming the lower courts fully competent to the proper exercise of such discretion.

Lord Coke defines judicial discretion to be, *"discernere per legem, quid sit justum,"* to see what would be just according to the laws in the premises.

It does not mean a wild self-willfulness, which may prompt to any and every act; but this judicial discretion is guided by the law—see what the law declares upon a certain statement of facts, and then decide in accordance with the law—so as to do substantial equity and justice.

In many of the cases coming before this court, had I been on the bench in the lower court, I should, in all probability, have made quite a different decision. But as the lower courts have the best opportunity to know the facts; as these courts must from necessity see more of the real history of the cases—as they have before them the parties, their counsel, the witnesses and the jurors—as they have the opportunity of seeing the cases under all the various shades of light; it is but proper to suppose that the exercise of judicial discretion by them will always be as sound and as prudent, as it can be in an appellate court—which sees everything that touches the case, through the same cold, uniform medium, the record alone.

There is nothing in the case which strikes us as an improper exercise of that common discretion of courts of justice.

Here a party has been sued for crim. con. The plaintiff just before he leaves this State as a volunteer for the war with Mexico, sees the defendant, and they have a conversation, not about this suit, but a friendly talk—from which the defendant supposes that the suit is to be stopped or dismissed. Yet the plaintiff gave him no such information. He takes it for granted. The defendant made no efforts to ascertain whether the suit was dismissed or not—judgment is rendered against him by default—more than a month after this interlocutory judgment elapses, before the writ of enquiry to assess the damages is executed.

After the liability is fastened on this defendant, by a heavy verdict, he then comes forward, and moves the court to set aside the judgment by default, and also the assessment of damages, and permit the defendant to plead and defend the action.

The writ of enquiry is ordered to be executed at the same term of the court at which the judgment by default is rendered, in pursuance of the

---

42d sec. of the 3d article, of the act to regulate practice at law—Rev., Code 1845, p. 815.

During the pendency of the defendant's motion to set aside the assessment of damages and also the judgment by default, the plaintiff remitted the sum of seven hundred and fifty dollars of the damages, which had been assessed by the jury.

This act of the plaintiff's attorneys is looked upon by the defendant and offered as a reason why the judgment should be set aside. It is urged as evidence of the plaintiff's unwillingness to meet the case fairly—as evidence that he fears the light—all this may be so—but still all this does not do away with the necessary use of proper diligence on the part of the defendant.

The record in this case, especially the rejected affidavits which it seems were offered by the plaintiff below on the above motion, place the negligence of the defendant in the rank of the grossest character.

We feel unwilling to disturb the judgment below, all the difficulty, and hardship of this case, if there be any, arise upon the mere careless neglect of the defendant.

As to the point, about notice of the trial of the writ of enquiry, the want of such notice is attributable to the defendant. He might have found out the day of the execution of the writ if he had made enquiry—but he neither sought to defend the action, nor to attend the assessment of damages. We consider the court having the power to order the writ to be executed at the same term, and its being thus executed, as proper.

Upon the whole case then, we find nothing requiring our interference. Judgment is therefore affirmed.