————o————

A. G. EIDEMILLER, Plaintiff in Error, vs. F. H. KUMP, et al., Defendants in Error.

1. *Motion for new trial, action of court upon—Supreme Court, interference by.* —The determination of a motion for new trial is a matter resting generally in the discretion of the trial court; and, although the appellate court might in the premises have arrived at a different result, it will not interfere for that reason alone.   To authorize such step, it should plainly appear that injustice has been done; that the lower court has acted arbitrarily.   And the party asking the interference of this court should show reasonable diligence and a meritorious cause.

*Error to Jackson County Circuit Court.*

*Milton Campbell,* for Plaintiff in Error.

*Tichenor & Warner,* for defendants in Error.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Jackson circuit court to recover from the defendants damages for the breach of a contract, by which it is alleged that they on their part had agreed to receive and pay for a large quantity of ice to be delivered to them by the plaintiff.

The summons was made returnable to the October term of said court for the year 1872, which commenced on the 14th day of said month.

On the 19th day of said month, the defendants appeared in court by attorney and obtained leave of the court to file an answer in the cause on or before the 15th day of November next thereafter.

Afterwards, on the 22d day of November, 1872, the defendants having filed no answer in the cause, judgment was rendered against them for want of an answer, and the plaintiff's

damages assessed at the same time at the sum of $1.950, all of which was done in the absence of and without the knowledge of the defendants or their attorneys.

After this, during said term, and on the 25th day of November, 1872, the defendants appeared by their attorney and filed a motion asking the court to correct the previous entry in said cause which gave defendants leave to file answer on the 15th day of·November, 1872, on the alleged grounds that the court at the time of making said entry had granted the defendants leave to file their answer on or before the first day of December, and that the clerk by mistake had made the entry so as only to extend the time of the answering to the 15th of November. On the 29th of November, 1872, the defendants also filed their motion to set aside the default and final judgment rendered in said cause, which motion was supported by the affidavit of the attorney of defendants, who had appeared for them and transacted their business pertaining to said cause.

On the 30th day of November, 1872, the plaintiff appeared and filed his several motions asking the court to strike the motions, previously filed by the defendants, from the docket and record in the case, but as these motions do not appear in the record they cannot be further noticed here. The court on said last named day seems to have considered all of these motions together and overruled each of said motions, except the motion filed by the defendants to set aside the judgment rendered in favor of the plaintiff for want of answer and the assessment of damages thereon, which motion was sustained by the court, and leave given to defendants to file their answer to the action on or before the first day of December, 1872; to which ruling of the court the plaintiff excepted.

The defendants filed their answer on the first day of December as ordered.

On the 12th day of December, 1872, the plaintiff filed a motion to strike out said answer of defendants and to reinstate the judgment rendered in his favor on the 22d of No-

vember, 1872. This last motion seems to have been continued over until the 4th day of February, 1873, when the same was taken up, considered and overruled; to which action of the court the plaintiff again excepted.

On the 9th day of December, 1873, the cause was called for hearing, and, the plaintiff failing to appear or further prosecute his action, the same was dismissed by the court and final judgment rendered in the cause. The plaintiff afterwards moved the court to set aside the judgment of dismissal and to reinstate his judgment of 22d November, 1872. This motion being overruled, plaintiff again excepted, and has brought the case here by writ of error. It is insisted by the plaintiff, that the court erred in sustaining the motion made by the defendants to set aside the judgment, for want of an answer, and the assessment of damages made thereon in favor of plaintiff, and in permitting the defendant to file an answer to the plaintiff's petition; and this is the only question presented for the consideration of this court.

No general rule can be established which will be applicable to all cases where motions are made to set aside judgments and grant new trials. The questions presented in such motions are so variant that each case must necessarily depend, to a great extent, upon its own particular facts, and is generally addressed to the discretion of the court that hears the same. It may be said that where the trial court refuses to grant a new trial, or to vacate a judgment previously rendered, this court would scarcely ever interfere with the discretion of the trial court unless it plainly appeared that injustice had been done, and that the discretion of the court had been exercised in an arbitrary manner. The party asking the interference of the court should show reasonable diligence on his part, and that he has merits in his action or defense. (Meechum vs. Judy, etc., 4 Mo., 361; Elliott vs. Leak, Id., 540; Green vs. Goodloe, 7 Mo., 25; Faber vs. Bruner, 13 Mo., 541; Campbell vs. Gaston, 29 Mo., 343.)

The facts appearing upon the hearing of the motion of the defendants in this case, as they appear in the record, are sub-

stantially as follows; that the term of the Jackson circuit court to which this case was returnable, commenced on the 14th day of October, 1872; that there were 1,120 cases set on the docket for trial at said term which had been continued over from the previous term; that this was a case commenced since the last previous term, and was numbered on the docket 1,437; that none of the cases made returnable to said term were set for trial on any day of that term; that the clerk of the court had been instructed by the judge of the court not to set the return cases for trial upon any day of the term.

It further appears from the affidavit of the attorney conducting the defense in the action that the case was taken up and final judgment rendered on a day on which it was not set for trial, and out of its order upon the docket, and at a time of which neither defendants or their attorneys had any notice, nor at which they had any reason to believe the case would be heard; that great harm was done the defendants by the action of the court in so hearing the case; that defendants had legal evidence which they would have introduced if they had an opportunity; that affiant, from his own knowledge of the case, believes that the finding of the court was wrong, and that defendants have a defense and could have brought in evidence proper and sufficient if a chance had been afforded them; that affiant would have been present and have attended to the case if it had not been so taken up out of its order. It is further stated in the affidavit that the affiant obtained leave of the court to file an answer on or before the first day of December, of which affiant at the time made a memorandum, but that by mistake an entry was made giving time to plead until November 15th, instead of December, 1st, and that by said mistake default was taken before the first day of December; that plaintiff's attorney had told affiant that he could have what time he wanted to answer, and had afterwards taken said judgment without the knowledge of defendants or their attorneys as aforesaid. There was no opposing evidence offered upon the hearing of the defendant's motion. It is true that the plaintiff's attorney, with his mo-

tion afterwards filed asking the court to reinstate his judgment, filed an affidavit in some respects contradicting the affidavit of defendant's attorney, which was read on the hearing of the motion for a new trial, but no evidence was offered on the hearing of the defendants' motion.

It is not shown by the affidavit of the defendants' attorney in what the merits of his defense to the action consisted, but his affidavit, if true, does show he lost his chance to answer not by his fault or neglect, but by the mistake of the clerk.

If this case had been originally presented to this court upon the affidavit filed in the trial court, we might have come to a different conclusion from that arrived at by the court below, but we will not always reverse a case where we would have, in the exercise of our discretion, differed with the conclusions arrived at by the court below. In the case of Faber vs. Bruner, (13 Mo., 541), Judge Ryland remarks : "In many cases coming before this court, had I been on the bench in the lower court, I should in all probability have 'made a quite different decision. But as the lower courts have the best opportunity to know the facts—as these courts must from necessity see more of the real history of the cases—as they have before them the parties, their counsel, the witnesses, etc. ＊　＊　＊ it is but proper to suppose that the exercise of judicial discretion by them will always be as sound and as prudent as it can be in an appellate court, which sees everything that touches the case through the same cold, uniform medium—the record alone."

To the same effect is the case of Griffin vs. Veil. (56 Mo., 310.) It is there said, " it would require a very strong case to require the discretion of this court to be substituted for that of the courts of first instance."

We see no reason to interfere with the judgment of the circuit court in this case.

The judgment must be affirmed. The other judges concur.