————o————

Simon Obermeyer, Respondent, vs. William Einstein, et al., Appellants.

1. *Judgment—Setting aside of on ground of fraud in obtaining.*—It would require a strong case to authorize the setting aside of a judgment taken by default on the ground that the same was procured through false representations.

*Appeal from St. Louis Circuit Court.*

*E. T. Allen,* for Appellants.

*Simon Obermeyer,* for Respondent.

Wagner, Judge, delivered the opinion of the court.

Plaintiff instituted his action against the defendants on a promissory note, and judgment was rendered thereon for want of an answer. The defendants afterwards filed a motion to set aside the judgment, alleging in substance that the same was obtained by the fraud of the plaintiff's attorney, and that they had a meritorious defense.

The bill of exceptions contains only the affidavits and counter-affidavits on which the motion was heard. The only affidavit in support of the motion, that presents any grounds for disturbing the judgment, was made by Einstein, the defendant. He testified that he applied to the plaintiff for an extension of time in the payment of the note, and proposed to make him secure by a deed of trust on real estate; that the

plaintiff agreed to accept the same and referred him to his attorney; that he presented to the attorney an abstract of title, and that he assured him that it was satisfactory; that, being about to leave the city for a few days, the attorney told him that nothing would be done towards taking judgment until his return, when the arrangement for executing the deed of trust, could be perfected, and that in violation of this agreement, during his absence, a judgment was rendered, because no answer was filed.

But this statement is positively contradicted in the affidavits of the plaintiff and his attorney. The plaintiff says, that he never agreed to any delay; that he told the defendant if he entered into the arrangement, the security would have to be on real estate entirely unincumbered, and such as his attorney would approve of, and that he referred the whole matter to his attorney. The attorney deposes, that upon an examination of the title of the real estate, he found that it was incumbered for more than its true value, and he informed the plaintiff that he would have nothing to do with it, and that no arrangement could be made, and that no further time would be given. He denies wholly and entirely the charges made by the defendant in his affidavit, and declares explicitly that he never told the defendant, or led him to believe, that he would not take judgment when the case was called; but, on the contrary, he informed him he would prosecute the suit diligently and rigorously, and the defendant said he had no defense and would not employ a lawyer to file an answer for him.

The court overruled the motion, and we must presume that it decided correctly. The evidence, as it appears in the transcript, preponderates decidedly in favor of the plaintiff, and if all the witnesses were equally credible, the judgment would be right on the ground of the weight of evidence. It would require a strong case to justify us in interfering, and such a case is not presented here.

As far as any meritorious defense is concerned, that was abandoned in the argument, and the matter stated could not

in any event redound to the advantage of the defendants. Judgment affirmed. All the judges concur, except Judge Vories, who is absent.