————o————

STATE *ex rel.* JOHN REID, Respondent, *vs.* B. F. GRIFFITH, *et al.*, Appellants.

| 63 | 545 |
| 35a | 203 |
| 63 | 545 |
| 43a | 606 |
| 63 | 545 |
| 106 | 222 |
| 63 | 545 |
| 117 | 427 |
| 63 | 545 |
| 56a | 72 |
| 63 | 545 |
| 147 | 498 |
| 151 | 448 |

1. *Practice, civil—Pleadings—Demurrer—Error on face of record considered by supreme court.*—When error is apparent on the face of the record, as, where the petition shows no cause of action, it will be considered in the Supreme Court, although no exceptions were taken in the court below. (See Bateson vs. Clark, 37 Mo. 31.)

2. *Mortgages and deeds of trust—Sheriff—Substitution of as trustee—Common Pleas Court Johnson Co.*—Under the act creating the common pleas court of Johnson county and giving it concurrent jurisdiction with the circuit court in all civil actions, (Sess. Acts, 1867, p. 90, § 10) it had power to substitute the sheriff of that county in lieu of the trustee named in a deed of trust, on proceedings pursuant to the general statute. (Wagn. Stat., 1347, §§ 1, 2.)

3. *Sheriff acting in lieu of trustee liable on his bond, when.*—A sheriff appointed in the place of a trustee to execute a deed of trust acts officially, and for breach of trust or failure of duty in that regard is liable on his bond.

4. *Practice, civil—New trial—Refusal of—Discretion of the lower court, will not be interfered with, when.*—Where affidavit in support of a motion for new trial set forth that the attorney was absent at the time of trial by reason of an alleged agreement with plaintiff's attorney, which said agreement was denied by counter affidavit of counsel for plaintiff, and it did not appear that defendant himself was present, or that his absence was accounted for, the refusal to grant a new trial was held to be a matter within the sound discretion of the trial court which would not be interfered with by the appellate court.

### *Appeal from Jackson Circuit Court.*

*A. Green*, for Appellants, cited in argument Wagn. Stat., 1058, § 3 ; 1347, §§ 1, 2.

*Wallace & Chiles, with Ryland & Ryland*, for Respondent, cited : State vs. Fenby, 18 Mo. 445–47 ; Funkhouser vs. How, 18 Mo. 47–49 ; Reid vs. Piedmont, 58 Mo. 421 ; Nordmanser

35—VOL. LXIII.

vs. Hitchcock, 40 Mo. 181; Stout vs. Colver, 6 Mo. 254; Steigers vs. Darby, 8 Mo. 679; Jacob vs. McLean, 24 Mo. 40; Jones vs. St. Joe. F. & M. Ins. Co., 55 Mo. 342; Brolaski vs. Putnam, 34 Mo. 459; Brainard vs. Van Kuran, 22 Iowa, 266; Meecher vs. Judy, 4 Mo. 361; Elliott vs. Leak, Id. 540; Green vs. Goodloe, 7 Mo. 25; Faber vs. Bruner, 13 Mo. 541; Campbell vs. Gaston, 29 Mo. 343.

NORTON, Judge, delivered the opinion of the court.

This is a suit instituted in the court of common pleas of Johnson county by plaintiff, on the official bond of defendant (Griffith) as sheriff and his securities.

The petition substantially alleges that in January, 1861, William H. Russell conveyed by deed of trust to Eugene B. Allen, as trustee, about four thousand acres of land in Johnson county to secure the payment of the sum of $7,583.55 and interest, and divers other debts mentioned in said deed; that the above debt due to the Farmers' Bank, was afterwards for value transferred to relator, Reid; that it was provided in said deed that if the whole or any part of the debts mentioned therein should remain unpaid, said trustee should proceed to sell the real estate, and after the payment of the costs and expenses of said sale to apply the proceeds to the payment of the debts mentioned in the deed, and to divide the same *pro rata* if not sufficient to pay all; that Russell failed to pay the debt to the Farmers' Bank; that defendant (Griffith) was elected sheriff of Johnson county in November, 1868, for two years, and as such executed bond, with his co-defendants as securities, conditioned for the faithful performance of his duties as such sheriff; that at the March term of the court of common pleas of Johnson county it was ordered, on proceedings instituted for that purpose, that Eugene B. Allen, the trustee, be removed, and that the sheriff of Johnson county be appointed trustee to sell the land and carry into effect the provisions of said deed; that said defendant (Griffith) was the sheriff of Johnson county, and as such under said order proceeded to sell the real estate described in said deed of trust, from which there was realized, after deducting costs and

expenses of sale, the sum of $4,251.85, which was received by defendant (Griffith), in virtue of and by color of his office; that the relator's debt amounted at the time of the sale to $11,236.24, and that his *pro rata* proportion of the net proceeds of said sale amounted to $889.66, which the said defendant (Griffith) failed to pay over to relator or any one for him. The petition alleged proper breaches of the bond, and asked judgment thereon.

The separate answer of the defendant (Griffith) admits the execution of the deed of trust, and that the debt to the Farmers' Bank was one of the debts provided for, but denies that it was transferred to relator. It also admits that he was elected sheriff, gave bond and was appointed trustee by the court of common pleas of Johnson county to sell the land, and at the time of his appointment was sheriff, and that as such trustee he sold the land, and that the net proceeds of the sale amounted to $4,251.85; denies that it came into his hands as sheriff, and alleges that out of the proceeds of the said sale he did pay to the Farmers' Bank, or her legally authorized attorney $1,238.64, which was the full *pro rata* part of her said claim, without notice of assignment to relator or knowledge of his claim; denies the alleged breaches of his bond, or that relator ever made demand for payment.

The other defendants, the sureties on the bond, denied by answer all the allegations of the petition.

The cause was removed by change of venue to Jackson county, in the circuit court of which county plaintiff filed replication denying new matter in defendant's (Griffith's) answer. The suit was dismissed by plaintiff in that court, as to all the defendants except defendant Griffith, and was tried by the court without a jury, and judgment rendered for the penalty of the bond, and relator's damages assessed at $1,118.73.

Defendant filed his motion for a new trial, with affidavits in support of same, which was overruled by the court, and from which defendant appeals.

Defendant asked for a reversal of the judgment on the ground that the petition does not state a cause of action, and is not sufficient to support the judgment, and on the further ground that

the court below erred in refusing to grant a new trial on the evidence offered in support of the same.

It is said by defendant's counsel that inasmuch as no objection was made to the sufficiency of the petition in the court below, it should not be considered here. This court has decided that when an error appears on the face of the record, which is the petition, summons, and all subsequent pleadings, including verdict and judgment, that it will consider it, although no exceptions may have been taken to it in the court below. (Bateson vs. Clark, 37 Mo. 31.)

The objection urged to the sufficiency of the petition is, that it alleges that the court of common pleas of Johnson county, by its order removed Allen, the trustee in the deed, and appointed the sheriff of Johnson county in his stead to execute the deed of trust, when such court had no legal authority to make such appointment.

The statute authorizing the appointment of a trustee provides that when a trustee in any deed of trust to secure the payment of a debt shall remove, or has removed out of the State, or neglects or refuses to act, or becomes unable by sickness or other disability to execute the trust, any person interested " may present his or her affidavit to the circuit court of the county in which the estate conveyed is situated. If such court shall be satisfied that the facts stated in the affidavit are true, it shall, in the case of a deed of trust to secure the payment of a debt, make an order appointing the sheriff or some suitable person to execute the same, and such sheriff shall be possessed of all the rights, powers and authority of the original trustee, and shall proceed to sell and convey the property and pay the debts and liabilities according to the directions of the deed of trust." (Wagn. Stat. 1347, §§ 1, 2.)

The act creating the court of common pleas in Johnson county provides that " said court shall have concurrent jurisdiction with the circuit court in all civil actions." (Acts 1867, p. 90, § 10.)

It is evident that the legislature intended to confer, and did confer, by said act upon said court jurisdiction over any and all civil proceedings of which the circuit court of said county could enter-

tain jurisdiction, and we therefore conclude that the court of common pleas had the power to appoint the sheriff of said county to execute the deed of trust.

But it is said by defendant's counsel that if the court had the power to appoint the sheriff to sell the real estate under said deed and receive the purchase money, he could only be made liable as an individual, and that no suit could be maintained against him on his official bond.

This position is untenable. It has been decided by this court that when a sheriff has been appointed in place of a trustee to execute the trust deed in selling the property, he is acting officially, and that in so acting, a sale, though made by his deputy, is valid and binding. (Tatum vs. Holliday, Administrator, 59 Mo. 422.)

It is insisted by defendant's counsel that the court should have granted a new trial, for the reasons alleged in said motion and the affidavits accompanying the same.

The bill of exceptions contains the affidavits and counter-affidavits on which the court acted. The only affidavit in support of the motion is made by the attorney of defendant, in which it is in substance stated, that three days before the day on which the case was set for trial, he had a conversation with one of plaintiff's attorneys, in which he said that if Ryland, another attorney of plaintiff, whose father had died a few days previously, was not present on the day the case was set for trial, he would agree not to call it up, and would consent that it might be passed, to be called up when the court could try it, and that neither party would call it up or insist on trial without notifying the other—to which plaintiff's attorney assented; that relying on this agreement, he did not attend the court on the day of trial, and about 4 o'clock on the 16th of September he received, at Kansas City, the following dispatch from plaintiff's attorney:

"SEPTEMBER 15th, 8:05 P. M.

Ryland will be here to-morrow, and insist on trying cause.

A. COMINGO."

that he received said dispatch at too late an hour to reach the court before its adjournment for that day, and telegraphed to

Comingo to know if the trial would come up next day, and received in reply this dispatch :

" Ryland came ; cases called and tried."

Another affidavit of defendant's attorney was filed, setting up facts within his knowledge, which it is unnecessary to state here, further than to say that they tended to establish the issue made by defendant's answer of payment to A. Green, under a contract with the Farmers' Bank and said Green, set out at length in the affidavit. It is question of serious doubt whether under such contract the evidence, if offered on the trial of the cause, would have been admissible.

The counter-affidavits filed by plaintiff stated in substance that three days previous to the day on which the cause was set for trial, Green, defendant's attorney, came to him and said that he supposed Mr. Ryland, in consequence of the death of his father, would not be present on the day of trial, and if he was not, he would consent to have the cause set for any other day of the term ; that in reply affiant stated that he could not try the case in Ryland's absence ; that he was attending to the matter only through courtesy to Ryland, and in the event of Ryland's absence, he would then consent to a continuance to another day ; that he did not agree to let defendant's attorney know whether Ryland did or did not come, nor give him notice if Ryland did come ; that Green did not state nor intimate that he would not be present on the day of trial ; that on the evening of the 15th of September, about 7 o'clock, he learned that Mr. Ryland would be at court the next day and insist on a trial, and he telegraphed this fact immediately to Green at Kansas City ; that the dispatch was not sent by reason of any agreement on his part, but simply to apprise him that Ryland would be there, which was a question of doubt at the time of their conversation.

The granting of a new trial for such causes as are alleged in the motion rests on the sound discretion of the inferior court, and unless it plainly appears that such discretion has been arbitrarily exercised and injustice done thereby, this court will not interfere.

In this case it appears that on the day it was submitted for trial that the attorney of defendant was not present, because of an alleged agreement made by him with the attorney of plaintiff, which is disclosed in the affidavit filed with his motion, the substance of which has hereinbefore been stated. The agreement relied upon by defendant's attorney is denied by the affidavit of plaintiff's attorney as positively as it is asserted by the attorney of defendant. Besides it does not appear that the defendant was present in court on the day the cause was set for hearing, nor is his absence accounted for. When a party has a cause pending in court for trial it is ordinarily his duty to be present. Had the defendant been in court he could have engaged other counsel to have protected his interest, and some reason should have been shown why he was not present.

According to the views expressed in a number of decisions of this court from the earliest reports to the latest, there is nothing in this case which takes it from under the operation of the general rule that this court will not interfere with the discretion of the trial court, unless it manifestly appears that injustice has been done, and that the discretion has been arbitrarily exercised. (Meechum vs. Judy, 4 Mo. 361 and 540; Faber vs. Bruner, 13 Mo. 541; 55 Mo. 342; Eidemiller vs. Kump, 61 Mo. 340; Obermeyer vs. Einstein, 62 Mo. 341; Jacob vs. McLean, 24 Mo. 40.)

In the case last above referred to, Judge Scott remarks that "the due administration of justice will be best promoted by leaving the discretion with the court of original jurisdiction. When those courts give relief against a judgment obtained, we feel no disposition to prevent their so doing; but when a party seeks to substitute the discretion of this court for that of the court below, and give relief when in the discretion of that court he is not entitled to it, he must present a strong case."

Judgment affirmed. The other judges concur.