The Board of Education of the City of Emporia *et al.* v. The State of Kansas, *ex rel.*, *etc.*

No. 316.

1. Motion for New Trial—*Decision of Court—Journal Entry.* Where the journal entry of judgment states that the court "found for the plaintiff and decided against the defendant," and that thereafter the defendant's motion for a new trial was filed, and where the language of such motion plainly indicates that it was filed after the decision of the court had been rendered, *held*, that such motion will be considered by this court, notwithstanding the fact that the journal entry contains the further statement that the motion was filed "before judgment."

2. BOARDS OF EDUCATION — *Wages of Teachers — Holiday Vacations.* Ample power and full discretion with respect to the school affairs of cities of the second class are vested by law in the boards of education of such cities; and where it is not made clearly to appear that the discretion of such a board is about to be abused, to the actual detriment of the patrons and pupils of the schools under its management, a court of equity ought not to interfere to prevent strict compliance on the part of such board with the terms of the contracts with the teachers of such schools in the payment of their wages according thereto, upon the ground that a slight departure from such terms, which the board had duly authorized, was about to be made.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed March 14, 1898. Reversed.

THE plaintiffs in error consist of the board of education of the city of Emporia, the individual members thereof, and its clerk and treasurer. The board of education, pursuant to the Thanksgiving proclamation of the president of the United States and of the governor of the state of Kansas, determined to close the schools of the city on Thanksgiving day, Thursday, November 29, 1894, to enable the school children, with their parents, to observe the day in accordance with the general custom of the country. The board deemed it advisable to have the schools closed on the next day also, and so ordered. The resolution of the board, as adopted on November 5, 1894, is as follows:

"That the usual Thanksgiving vacation of November 29 and 30 be allowed, and that, as is the custom here and throughout the state, the teachers be allowed pay for the full month."

The schools were accordingly closed on Thanksgiving day until the following Monday. The board intended to pay the teachers of the schools the regular salary for the month of November without making any deduction on account of the two days during

which the schools were to be closed as aforesaid, and this action was brought on November 26, 1894, to prevent such payment.    The teachers did not request that the schools be closed, nor did they consent thereto, but, on the contrary, they objected to such intermission if they would thereby lose their wages for the time.  The teachers were elected by a vote of the board, under its rules, and no written contracts were made. One of the rules under which the teachers were employed reads :

"The scholastic year shall commence at such time in September in each year as the board of education may direct, and shall consist of thirty-six consecutive weeks, exclusive of vacations, to be divided into two terms," etc.

At the commencement of the action a temporary injunction was granted, and, on December 29, 1894, after the board had filed a motion to dissolve the injunction, and also its answer, which were filed after the schools had actually closed on the two days mentioned, it was agreed that the cause should be heard upon the motion and the merits at the same time, and that the judgment rendered should be upon the whole case as thus submitted.

The journal entry, in part, reads as follows :

"Thereupon the court finds for the plaintiff and *decides against* the defendant, to which the defendants except; and before judgment the defendants filed their motion for a new trial, which was overruled,". etc.

It then states that it was thereupon adjudged that the temporary injunction be made perpetual and that the plaintiff recover costs.   The journal entry further states that all the proceedings of the court took place on December 29, 1894.   The monthly pay-roll of the

city of Emporia aggregated $2200 for its forty teachers. There was undisputed evidence that the board of education had invariably dismissed the schools on Thanksgiving day and the day following, and that no deduction from the wages of the teachers on such account had been made, and to the effect that such an intermission was advantageous to pupils and teachers alike at that time in the school year.

*L. B. & J. M. Kellogg*, for plaintiffs in error.
*Madden Bros.*, for defendants in error.

The opinion of the court was delivered by

MILTON, J.: A question is raised as to the motion for a new trial, it being claimed that the record does not show that the motion was filed during the term at which the judgment was rendered, that it does not show the motion was filed before the judgment was rendered, and that in consequence such motion cannot be considered. Counsel say that, as section 308 of the civil code provides that an application for a new trial must be made at the term at which the verdict, report or decision is rendered and within three days thereafter, such application cannot legally be made until after the judgment is rendered. "Decision," as used in that section, has the same meaning as the word "judgment." "A decision of the court is its judgment." (*Houston v. Williams*, 13 Cal. 27.) See also Black on Judgments, section 106.

The journal entry in this case recites that the court found for the plaintiff and *decided against* the defendants before the motion for a new trial was filed, while it also stated that such motion was filed before judgment. The motion asked the court "to set aside its decision and judgment herein overruling the defendants' motion to dissolve the temporary injunction

herein, and also the judgment herein decreeing a permanent injunction against the defendants, and to grant the defendants a new trial.'' From the whole record, we conclude that the words ''before judgment,'' as used in the journal entry, signify before formal entry of the judgment, and that the decision was rendered at the time it was announced by the court. It follows that the specifications of error set forth in the motion for a new trial can properly be considered by this court.

Under our laws, the public schools in a city of the second class, when legally organized, become a body corporate, with the usual power of a corporation for public purposes, by the name and style of ''Board of Education of the City of ——— of the State of Kansas.'' The law further provides :

'' The board of education shall have power to elect their own officers except the treasurer ; to make their own rules and regulations, subject to the provisions of this article ; to organize and maintain a system of graded schools ; to establish a high school whenever in their opinion the educational interests of the city demand ; and to exercise the sole control over the schools and school property.''

The rules of the board of education may properly be regarded as having entered into the contracts under which the teachers were employed. The rule we have quoted provides that the school year shall consist of thirty-six consecutive weeks, exclusive of vacations. Counsel for the defendant in error say that, as the order of the board used the word '' vacation '' in respect to the two days intermission, it would be a clear violation of the terms of the teachers' contracts to pay for the period of such vacation, and therefore a misappropriation of the school funds. This issue is not presented by the pleadings in the case. Nor is the proposition of counsel tenable, in view of the meaning

of the term "vacation," which is thus defined : "The intermission of the regular studies and exercises of an educational institution between terms." (Webster's International Dictionary.)

The incorrect use of the word in the board's order is immaterial. It was employed in its proper sense in the board's rules. The contracts contemplated vacations between terms. Two days are a minor fraction of a school week ; and it was for the board to determine at the end of each school month whether or not there had been a satisfactory compliance on the part of the teachers with the terms of the contracts of employment ; that is, whether or not the schools had been taught for *four consecutive weeks* in such school month. The omission of a minor fraction of one of such weeks under special circumstances would not necessarily affect that question. Their decision should be regarded as final in the absence of fraud or manifest disregard of the interests of the schools. The presumption that the members of the board were faithful to their trust must be indulged in by us, as the record discloses no reason to the contrary. It follows that the injunction should not have been granted in anticipation of the payment of the teachers' wages for the two days in question, unless it was made to appear that the discretion vested by the law in the board was about to be grievously abused, to the actual detriment, not of the taxpayers, as such, but of the patrons and pupils of the schools.

In the light of the facts proven, the temporary injunction should have been dissolved and not made permanent. In the case of *Board of Education v. Welch,* 51 Kan. 792, the supreme court states the rule that should govern the courts in dealing with the discre-

40—7 KAN. APP.

tion vested in boards of education under our school law, as follows :

" The boards of education of cities of the first class are vested with large discretion in all matters pertaining to the management of the schools under their control. . . . With the discretionary powers of such officers the courts will not interfere, unless there has been such an abuse of their discretion as works palpable injustice or injury."

Boards of education in cities of the first class possess no greater power and discretion than do those in cities of the second class. The supreme court of Michigan, in passing upon the question of paying teachers for holiday adjournments, in the case of *School District v. Gage*, 39 Mich. 486, said :

" In regard to deductions for holidays, we are of the opinion that school management should always conform to those decent usages which recognize the propriety of omitting to hold public exercises on recognized holidays, and that it is not lawful to impose forfeitures or deductions for such proper suspension of labor. Schools should conform to what may fairly be expected of all institutions in civilized communities. All contracts for teaching during periods mentioned must be construed of necessity as subject to such days of vacation, and public policy as well as usage requires that there should be no penalty laid upon such observances."

We think the proposition as stated by the Michigan court is sound, and that it is applicable in this case. If the board acted within the limits of its lawful power and discretion in dismissing the schools for the two days, its obligation to pay the teachers is a necessary inference. The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.