W. W. PINNELL, Respondent, v. W. A. MEAKS, Appellant.

**St. Louis Court of Appeals, February 17, 1903.**

1. **Lost Note:** JUDGMENT; PRACTICE, TRIAL: PRACTICE, APPELLATE. On an appeal from a judgment on a lost note by defendant, the bill of exceptions recited: "It is admitted he executed a note; counsel for plaintiff offered the note in evidence; plaintiff testified that he had given a note to the attorney to sue on, and he had misplaced it." *Held*, that from the whole record it was evident that the note was not introduced, and was still lost, when the judgment was rendered.

2. ———: ———: ———: ———: BOND: RECORD: STATUTORY CONSTRUCTION. Under Revised Statutes 1899, section 457, a note is not negotiable, though for value received, unless payable to the payee named, or to order, or to bearer; sections 744 and 745 require that plaintiff, before judgment on a lost negotiable note, shall give bond. *Held*, that in an action on a lost note, where no bond was given, and no affirmative showing of negotiability made, it will be presumed on appeal, as against error in the trial court, that the note was negotiable.

Appeal from New Madrid Circuit Court.—*Hon. H. C. Riley*, Judge.

Affirmed.

*Robt. S. Rutledge* for appellant.

(1)   The verdict in this case is contrary to the provisions of section 745, Revised Statutes 1899, in that

no bond was ever given, filed or approved, as required by law. R. S. 1899, sec. 745; Eans v. Bank, 79 Mo. 182. Barrows v. Million, 43 Mo. App. 79. (2) The testimony discloses that Meaks gave the note to prevent Pinnell from taking Corbin's mules so that Corbin might make a crop. It was part of the Corbin debt, and, so far as Meaks was concerned, without consideration. It was usurious in its nature, and in violation of section 3710, Revised Statutes 1899. R. S. 1899, sec. 3710; Rubber Co. v. Wilson, 55 Mo. App. 656; Johnson v. Simmons, 61 Mo. App. 385. (3) It was not necessary to prove an express agreement to pay usury. Corbin's note was drawing eight per cent, and Meaks gave a note for $50 with eight per cent, and that this was usury may be inferred from the agreement and all the facts and circumstances in the case. Guarantee Co. v. Baker, 54 Mo. App. 79; Wintergirst v. Loan Co., 60 Mo. App. 166.

*W. H. Miller* and *Lawrence Fisher* for respondent.

(1) The extension of time by the plaintiff and his forbearing to foreclose his mortgage on the mules as detailed in the evidence, was a good and sufficient consideration to support the contract in question. Adams v. Huggins, 78 Mo. App. 219; Websters v. Switzer, 15 Mo. App. 345; Jasper Co. v. Travis, 76 Mo. 13; Singer v. Dickneite, 51 Mo. App. 245. (2) The only point relied on by appellant with any degree of seriousness is No. 1, in his brief. This is based upon the assumption that the suit was on a lost instrument and no bond given as required by section 745, Revised Statutes 1899, and in support of this contention he cites the statute as also, Eans v. Bank, 79 Mo. 182; Barrows v. Million, 43 Mo. App. 79.

GOODE, J.—This litigation originated before a justice of the peace as an action on a lost note. There

was judgment by default before the justice from which an appeal was taken to the circuit court, where a trial was had which again resulted in a judgment for the plaintiff.

The defense seems to have been, as well as we can gather from the evidence, for no instructions were asked, that the note had been paid by a sale of some mortgaged property. The particular note in suit came to be given in this way: One George Corbin owed the plaintiff Pinnell a debt which was secured by a chattel mortgage on some mules, horses and stock belonging to Corbin. Corbin was either a subtenant or a cotenant of defendant Meaks in farming operations. Pinnell was about to foreclose his chattel mortgage on the stock, which would have hindered the farming operations of Meaks and Corbin; so the former, to gain time and prevent Pinnell from taking immediate possession of the animals, gave Pinnell a note for fifty dollars secured by a mortgage on some piling. The result was that Pinnell let the mules and horses stay in the possession of Corbin to enable Corbin and Meaks to go on with their crop. Pinnell got nothing out of the piling on which Meaks gave him a mortgage to secure the note in suit, for it was sold under an execution by the New Madrid Banking Company. Defendant Meaks contends that enough was realized by selling the property of Corbin under the chattel mortgage to fully pay all Corbin owed him as well as what Meaks owed. This, however, was an issue of fact about which the evidence is contradictory and was settled in plaintiff's favor by the jury.

The main point relied on for reversal is that no bond was required of the plaintiff before judgment was rendered in his favor on the lost note as the statutes require, and this contention seems to be borne out by the record.

Respondent insists the bill of exceptions shows the note was offered in evidence and that, therefore, it must have been found before the judgment was rendered

in the circuit court. The bill of exceptions contains this recital: "It is admitted he executed the note. Counsel for plaintiff offered the note in evidence." That the note was not introduced in evidence, nor found at the time of the trial conclusively appears from the testimony of the plaintiff himself, as the last question he was asked while on the witness stand was: "Where is the fifty-dollar note you made affidavit you lost?" To which question he answered: "I gave it to Mr. Fisher to sue on and he misplaced it. I gave it to him quite a while ago." No fair interpretation can be given to the whole record but that the note was not introduced and was still lost when the judgment was rendered.

It does not, however, conclusively appear from the evidence that the note was negotiable and the sections of the statutes referred to only require a bond when a suit is founded on a negotiable instrument. R. S. 1899, secs. 744, 745.

Appellant insists that the affidavit of respondent, made when he brought this action shows it was a negotiable instrument because he swore it contained the words "for value received." But that term alone is not sufficient to constitute a negotiable instrument. It must further appear that the instrument was payable to the payee named or order or to bearer. R. S. 1899, sec. 457; Davis v. Helm, 34 Mo. App. (St. L.) 332. Presuming in favor of the circuit court's judgment instead of against it, as the law compels us to do in the absence of an affirmative showing of error, we must presume the court found the facts that warranted it in entering judgment in this case without bond. Byrne v. Carson, 70 Mo. App. (K. C.) 126; Mumford v. Keet, 71 Mo. App. (St. L.) 535.

No point was made about the failure to give bond in the court below in the motion for new trial or elsewhere, but we do not find it necessary to consider whether that is fatal to the assignment on appeal.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.