STATE OF MISSOURI at the relation of EDNA GRAY SPRATLEY, Appellant, v. MARIES COUNTY; GEORGE F. MARTIN, W. F. LINDNER and JOSEPH LISCHWE, Judges of the County Court of Maries County. —98 S. W. (2d) 623.

Division One, November 12, 1936.*

*NOTE: Opinion filed at September Term, 1935, April 23, 1936; motion for rehearing filed; motion overruled at September Term, 1936, November 12, 1936.

*C. D. Snodgrass* and *H. M. Atwell* for appellant.

*W. H. Holmes* for respondents.

BRADLEY, C.—This cause is in mandamus to compel the judges of the County Court of Maries County to issue a warrant to relator in payment of alleged unpaid salary as deputy circuit court clerk. The alternative writ was issued and respondents filed demurrer thereto, stating, as grounds: (1) That the facts stated were insufficient to entitle relator to the relief sought; (2) that it is now shown that relator has exhausted or availed herself of all legal remedies, other than mandamus, or that she is without other adequate remedy; (3) that the petition (alternative writ) shows on its face that relator has a legal remedy (other than mandamus). The record does not show that the demurrer was overruled, but we may assume it was, since respondents filed return, which is a general denial, and a plea that relator has an adequate remedy other than by mandamus. It does not appear that a reply was filed. The trial court found against relator and quashed the alternative writ. Motion for a new trial was overruled and relator appealed to the Springfield Court of Appeals, but that court transferred the cause here, because Maries County is a party. [Sec. 12, Art. VI, Constitution; Sec. 1915, R. S. 1929, Mo. Stat. Ann., sec. 1915, p. 2589.]

For some time prior to March 14, 1927, relator had been deputy circuit clerk and deputy recorder of Maries County, and her salary was twenty-five dollars per month. She claims that on March 14, 1927, the circuit court of said county made an order of record increasing her salary fifteen dollars per month, beginning April 1st. The county court refused to pay the alleged increase and she filed this cause to obtain a warrant for the alleged increase over the period of twenty-six months, amounting to $390. The remedy invoked by relator is not questioned, but, if relator is entitled, on the case made, to the alleged increase, mandamus it seems, will lie. [Perkins v. Burks, 336 Mo. 248, 78 S. W. (2d) 845.]

Relator introduced circuit court record M, page 448, upon which page was this: "State of Missouri, County of Maries, SS. March Term, 1927. In the circuit court of said county, on the 14th day of March, 1927, the following, among other proceedings, were had, viz.: State of Missouri, County of Maries, SS. In the matter of the salary of the deputy circuit clerk and recorder. Now on this day it appearing to the court that the salary now allowed the deputy circuit clerk and recorder is inadequate, it is ordered by the court that a sum of fifteen dollars per month be allowed in addition to the salary already allowed for deputy hire in said office, and the same begin April 1st, 1927."

There was no minute of said alleged order on the judge's docket or on the clerk's minute book. It appears only on record M. J. T. Davis, circuit court clerk at the time of the alleged order and at the time of the trial, and a witness for relator, testified that the order was certified from his office to the county court; that the orders of the

circuit court were not always signed by the judge. Davis further testified: "Q. This order which you have just read here, is there anything irregular about that order in your records, is it put there in the proceedings of the day with the other orders? A. Yes, sir, I think it is. It might have been that we overlooked that for a short time and put it in that space there. I don't know whether it was put right in when that page was written or not; I don't think it was from the looks of the ink. It looks like a new ribbon was put on when that was recorded."

Judge Henry J. Westhues, judge of the Circuit Court of Maries County, at the time of the alleged order, was a witness for respondents and, without objection, testified that in December, 1926, he made an order for $100 "in addition to the salary already paid," for the deputy clerk. "Q. What were the circumstances of that? A. At that time the highway department was condemning land through here for road purposes and there were quite a number of suits filed at that time and it required quite a good deal more work on the part of the circuit clerk and Mr. Davis took the matter up and said twenty-five dollars a month was not enough for that and I went over the docket and agreed with him and I allowed a lump sum for that purpose and that was because of the highway suits. Q. Then at a later date this order of fifteen dollars a month appears that you have no recollection of. After that time and during your time on the bench did Mr. Davis speak to you about the salary proposition? A. He spoke to me every time I was down here about raising the salary and after that previous order was made giving one hundred dollars, he wanted it increased and I wouldn't allow because the work of the circuit clerk was not sufficient to permit such a sum, and I think that was correct. Q. During the time you were on the bench did he say anything about the unpaid salary? A. No, sir. If I had allowed the forty dollars a month there wouldn't have been any excuse to ask for an increase."

▉ "If there is any proposition of law that is fundamental and settled, it is that a court of record can speak only by its records which import absolute verity and are not open to collateral attack." State ex rel. Conran v. Duncan, 333 Mo. 673, l. c. 682, 63 S. W. (2d) 135, l. c. 139, and cases there cited; and "this rule applies not alone to final judgments, but to every order made in the course of a judicial proceeding." [State ex rel. Conran v. Duncan, supra; State ex rel. Van Hafften v. Ellison, 285 Mo. 301, 226 S. W. 559, 12 A. L. R. 1157.] And the solemn record of a court of record cannot be impeached in this mandamus proceeding. [State ex rel. Chaney v. Grinstead, 314 Mo. 55, l. c. 76, 282 S. W. 715.]

▉ It does not appear on what theory the trial court denied relator the relief sought. "It is one of the fundamental principles of mandamus that the right sought to be enforced by the writ must be clear."

[Perkins v. Burks, supra.] Prior to the Act of 1933, Laws 1933, page 369, deputy circuit court clerks were appointed by the clerk "with the approval of the circuit court." See Section 11812, Revised Statutes 1929 (Mo. Stat. Ann., sec. 11812, p. 7031), but by the Act of 1933, the *approval* of such appointment is by the county court. Sections 11812 and 11813, Revised Statutes 1929 (Mo. Stat. Ann., secs. 11812 and 11813, p. 7031) were in force at the time of the alleged order increasing relator's salary. Section 11813 which was repealed by the Act of 1933, provided: "The salary of the clerk, and that of his deputies and assistants, shall be paid out of the county treasury, in monthly installments, at the end of each month. The accounts of all deputies and assistants shall be stated in their names, respectively, and the correctness thereof shall be certified by the officers, respectively, in whose employment they are. The clerk and his deputies and assistants shall present their accounts to the county court, and said court shall draw its warrant therefor upon the county treasurer, to be paid out of any money available in the treasury." Clearly, Section 11813 required relator to prepare, in her name, at the end of each month, her account for the month ended, and have the same certified as to correctness by the clerk, and said section required relator to *present* her monthly account "to the county court." The preparation and presentment of relator's monthly accounts as required by Section 11813 were prerequisites before the county court could be lawfully authorized to pay. The *account* properly prepared and presented is, after the appointment, the foundation upon which the county court bases its order to pay such deputy. Section 11812 required the circuit court "to fix the compensation" of the deputy circuit court clerk and the period of time such deputy "may be employed," and required that "every such order shall be entered of record, and a certified copy thereof shall be filed in the office of the county clerk." A certified copy of the alleged order relating to the increase of relator's salary was filed in the office of the county clerk, but relator did not prepare and present her monthly account as required by Section 11813. The certified copy of the alleged order was no evidence that the services were rendered for which relator seeks pay. Such an order, so far as concerned the county court, was only evidence that relator was *authorized* to render service as deputy circuit court clerk. The account as required by Section 11813 would be the evidence to the county court that the services were rendered for which pay was sought. It appears that the county court met only quarterly, but that did not prevent relator from presenting her account to the county court. Section 11813 did not require that such account be *presented* monthly, but did require that it be presented, and the county court had no lawful right to pay relator, absent the account as provided by Section 11813.

The judgment should be affirmed and it is so ordered. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.