STATE ex rel. Charles S. ROSEN, M.D.,
Relator,

v.

James E. McLAUGHLIN and Jean Kivos,
Nicholas Kivos, Virginia Kivos, and
Kathy Kivos, Respondents (two cases).

Nos. 46946, 46947.

Supreme Court of Missouri,

En Banc.

Dec. 8, 1958.

182

Adolph K. Schwartz, St. Louis, Chapman, Schwartz & Chapman, St. Louis, of counsel, for relator.

Marvin G. Marshall, St. Louis, for respondent.

DALTON, Judge.

This is an original proceeding in prohibition and an original proceeding in mandamus, the two proceedings have been ordered consolidated by this court. Relator alleged in his petitions for the respective writs that he had been unable to determine whether his proper remedy was prohibition or mandamus. Substantially the same facts are alleged in the two petitions and the returns filed by respondent to the respective petitions are substantially the same.

Respondent is Judge of the Circuit Court of the 8th Judicial Circuit, in the City of St. Louis, Missouri, and is the Presiding Judge in Division No. 1 of said court. On February 28, 1958, four personal injury damage suits were pending before respondent wherein one Charles S. Rosen, relator, was the sole defendant. The respective plaintiffs were Nicholas Kivos and Jean Kivos, his wife, and their two daughters, Virginia and Kathy. The daughters are represented by their mother and natural guardian, Jean Kivos. In the respective petitions it was alleged that the particular plaintiff therein was injured on April 25, 1957, when an automobile operated by defendant Rosen collided with the rear portion of an automobile in which the plaintiff was riding. The petitions contained identical assignments concerning defendant's negligence and varied only as to the names of the respective plaintiffs, the particular injuries sustained and the amount of recovery sought.

Relator herein, defendant in said causes, thereafter filed a motion in each case to consolidate the particular case with the other three. The grounds stated were that each of the suits arose out of an automobile collision on April 25, 1957; that all of the four plaintiffs were in the same automobile; that there were common questions of law and fact in each of the cases; and that separate trials under these circumstances would constitute an unnecessary expense and inconvenience to the defendant and to the court.

On March 14, 1958, the respondent entered the following order in each of said causes: "Defendant's motion to consolidate heard, submitted and sustained: Causes

4801, 4802, 4930, 4932, ordered consolidated; separate trials ordered in each."

Relator, in his petition for a writ of prohibition, alleged that "the granting of separate trials after the order of consolidation is in excess of the jurisdiction of respondent." Relator asked that respondent be prohibited from proceeding in four separate trials of the mentioned causes and that he be directed to order one trial of the four causes together. In his petition for writ of mandamus, relator alleged that "granting separate trials, is contrary to Rule 3.195 [42 V.A.M.S.] of this court, and is to the manifest damage and grievance of this relator in that it will involve great expense and four separate burdensome trials, where all of the evidence will be identical except as to the injuries sustained by the various plaintiffs of said actions * * *." Relator asked this court to issue an alternative writ of mandamus, directing respondent to proceed with one trial of the four causes jointly, or to show cause why he has not done so.

Respondent, in his return filed in this court, alleges that he "acted within his discretion in that Rule 3.195 allows the court to order joint trials, order separate trials or 'make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay;'" that he "ordered that the cases be placed on one week's trial docket, but that each case be tried separately and that said order was both reasonable and fair to all parties concerned." Respondent further alleged that he "had jurisdiction and his ruling did not exceed the jurisdiction of his court"; and "that it would be an undue burden on a trial court to hear all four of the * * * cases at one trial and that the verdict forms, instructions to the jury and other matters would be confusing and burdensome to a jury and a trial judge." The returns present conclusions of law in view of the factual situation.

The essential facts upon which relator's right to relief depends are not in dispute.

The form and content of the petitions filed by the respective plaintiffs in the four cases is admitted. Respondent's official position and his action with reference to the several matters are also admitted, as is the fact that the several plaintiffs are all represented by the same attorney. It is further admitted that the pleadings are at issue in the four pending causes and there is no contention that the issue of liability is not the same in all of the cases. In view of the admissions shown by the pleadings, this case presents issues of law upon admitted facts.

Relator now contends that respondent "erred in refusing to order a joint trial of the four suits" under Supreme Court Rule 3.195, but relator's brief shows that he does not intend to complain of mere error where his remedy by appeal is adequate. His real complaint is that, after the order for consolidation was entered, the court made a further order for separate trials; that the court is now about to try the cases one at a time, rather than in a single joint trial; and that relator's remedy by appeal is inadequate. Relator further states his position as follows: "The order of the trial court, which ordered a separate trial in each of the four suits, rendered meaningless the order of consolidation, was contrary to Rule 3.195 of the Rules of this court, and was in excess of the trial court's jurisdiction."

Respondent has not favored us with a brief and we are not advised as to his position, except as shown by the returns filed.

Supreme Court Rule 3.195 provides: "(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. (b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counter claim, or

third-party claim, or of any separate issue or of any number of claims, cross-claims, counter claims, third-party claims, or issues."

Relator takes the position that this cause requires "the interpretation and construction" of the above rule which became effective March 1, 1956. Relator insists that the rule was intended for a situation such as that presented to respondent in the instant case, where "all of the questions of law in the four pending suits are identical and * * * all of the questions of fact are identical with the exception of the individual injuries sustained by the respective plaintiffs", and where a multiplicity of trials could be avoided by the consolidation of causes as requested by defendant, relator herein. Relator also suggests that where consolidation of cases is proper, as shown by the record presented, and where application for consolidation has been requested and the application sustained by the court, then the clear intention of the rule is to have a joint trial, and the rule is being misconstrued, violated and rendered meaningless, where the court enters a further order for separate trials as respondent has done in this case.

We must first consider the order as entered, because respondent presents two defenses to the proceedings instituted by relator, to wit: (1) that he had *jurisdiction* to enter the order and his ruling did not exceed the jurisdiction of his court; and (2) that he acted within his *discretion* and within the provisions of Rule 3.195. It is clear from respondent's return to our preliminary rule in prohibition and from his return to our alternative writ of mandamus that respondent construes his order of March 14, 1958 as one for the separate trial of each of the four mentioned cases and that, unless otherwise directed by an order of this court respondent intends to and will proceed to try each of the mentioned cases separately from the others.

■ In determining the issues presented we must consider the admitted facts and circumstances under which the order was entered as well as the order itself, which on its face appears to be inconsistent, conflicting and contradictory. The record shows that the pleadings in the four damage suits pending before respondent indicate that four persons, members of one family, were riding in one automobile when it was struck from the rear by an automobile operated by defendant-relator. The four plaintiffs are represented by the same attorney and the assignments of negligence are identical in the four petitions. The petitions differ only as to the party plaintiff, the injuries sustained and the amount of recovery sought. The causes are at issue and ready for trial. Under these facts, the defendant in the mentioned causes filed a motion in each case for the consolidation of the causes. No question has been raised as to the sufficiency of the mentioned motions or the facts upon which they were based. The facts and circumstances were entirely sufficient to authorize consolidation of the four cases for a single trial. So far as appears, the issue of liability was the same in each of the cases and if liability was determined in favor of plaintiffs then the remaining question was as to the amount due each plaintiff for the personal injuries sustained. On the facts presented consolidation was authorized under Supreme Court Rule 3.195.

■■ A determination of the motions for consolidation required the exercise of a sound judicial discretion on the part of the respondent. The exercise of a sound judicial discretion is not the indulgence of a judicial whim, but the exercise of judicial judgment, based on facts and guided by law—a discretion bounded by the rules and principles of law, and not arbitrary, capricious or unrestrained. See Faber v. Bruner, 13 Mo. 541, 543; State v. Hultz, 106 Mo. 41, 16 S.W. 940, 942; Johnson v. Grayson, 230 Mo. 380, 130 S.W. 673, 676; State ex rel. Wagener v. Cook, Mo.App., 187 S.W. 1122, 1123. And see, also, the joint definition of the terms "judicial dis-

cretion" and "abuse of judicial discretion" in Harriman v. Harriman, Mo.App., 281 S.W.2d 566, 571(3, 4). Respondent did not err, but properly exercised a sound discretion when, under the facts shown, he sustained the several motions for consolidation and ordered the four cases consolidated.

The sustaining of the motions for consolidation, consolidated the four cases into one action. The court having validly exercised its discretion with reference to the facts and circumstances presented by the motions for consolidation could not immediately thereafter and on the same state of facts proceed to exercise his discretion and nullify the order for consolidation by ordering separate trials of the four cases. See Schipper v. Brashear Truck Co., Mo. Sup., 132 S.W.2d 993, 997(10), 125 A.L.R. 674. "The law does not require trial judges to refrain from correcting reversible error" (Davis v. Davis, Mo., 252 S.W.2d 521, 522, 524) but in this case no reversible error was committed in sustaining the motions for consolidation. The order for consolidation remained in effect and the order for separate trials in each case was a nullity and must be disregarded.

█ We reach the same conclusion if we merely construe the court's order. The court's order of March 14, 1958, is a part of the record presented for the consideration of this court in this proceeding. Supreme Court Rule 1.25. We must construe the order and determine what it means. The applicable rules in such case is that conflicts in the record will be harmonized as far as possible, and where this is not possible the reviewing court will adopt the construction that is just under all the circumstances with due reference to the place and character of the portions of the record wherein contradictory statements or recitals may appear. See 4A C.J.S., Appeal and Error § 1149, p. 1221.

█ We may not hold the court's order to be an absolute nullity unless it is so absolutely unintelligible and no other construction may be placed upon it. In the case of Flynn v. Janssen, Mo.Sup., 266 S.W.2d 666, 670(3), the court said: "An order made by a court in the course of a judicial proceeding imports the same absolute verity as does a judgment. State ex rel. Spratley v. Maries County, 339 Mo. 577, 580(2), 98 S.W.2d 623, 624(3–5). Thus an order or judgment (at least one which is not absolutely unintelligible) cannot be void on its face or an absolute nullity if it appears that the court which entered it had jurisdiction of the parties and of the subject matter and had jurisdiction to enter the particular order. * * However erroneous such an order may be, whatever ambiguities or infirmities may exist in it, however lacking in clarity or completeness (at least short of absolute unintelligibility), and the extent to which the order may be irregular or defective, are all matters which are correctible on appeal from the order granting or purporting to grant a new trial." The order in question is not absolutely unintelligible because it is subject to construction as a valid order for consolidation of the four cases.

█ In this case the record shows "Causes 4801, 4802, 4930, 4932, ordered consolidated; separate trials ordered in each." As stated, respondent construes this order as an order "that each case be tried separately." We think the two clauses are inconsistent, conflicting and contradictory, but we must determine their effect and meaning by proper rules of construction. Here the two conflicting statements, standing alone, are entitled to equal weight, since they are located in the same sentence. We must therefore look to the whole record as presented to this court and put a construction upon the conflicting portions which is consistent and in accord with the record considered as a whole. See Jonesboro, Lake City & Eastern R. Co. v. United Iron Works, 117 Mo.App. 153, 94 S.W. 726, 728(1); Pinnell v. Meaks, 99 Mo.App. 20, 72 S.W. 461; First Nat. Bank of Mar-

quette v. Crowley, 24 Mich. 492, 499; Board of Education of City of Emporia v. State of Kansas, 7 Kan.App. 620, 52 P. 466, 467; Wirt v. George W. Kutz & Co., 15.N.M. 500, 110 P. 575, 576.

The first of the two last clauses of the court's order is consistent with the prior clause, to wit, "defendant's motion to consolidate heard, submitted and sustained." Further, the last clause is inconsistent not only with the two immediately preceding clauses of the order, but it is in fact inconsistent with the whole record upon which the several motions to consolidate the four cases were based and sustained. The last clause is further, under the facts here, inconsistent with Supreme Court Rule 3.195 (a) the purpose of which is to avoid unnecessary costs and delay. Construing the record as a whole we must and do disregard the last clause as inconsistent with the record as a whole and therefore of no force and effect.

On the record as written by respondent, respondent was without jurisdiction to proceed to try the mentioned cases one at a time. On the record as it now stands, he should proceed to try the several causes in a single joint trial. Our preliminary rule in prohibition should be made absolute and our alternative writ of mandamus should be made peremptory.

It is so ordered.

HOLLINGSWORTH, C. J., and HYDE, WESTHUES and LEEDY, JJ., concur.

EAGER, J., concurs in part and dissents in part.

STORCKMAN, J., concurs in result.

EAGER, Judge (concurring in part and dissenting in part).

I agree that the order as made is an anomaly and meaningless; to me, its separate parts are so inconsistent as to be destructive of the whole. The writs should be made absolute in so far as to prohibit separate trials under this present order. We have heretofore, upon certain occasions, declined to interfere with orders denying consolidation upon the ground that the trial court had a discretion under Rule 3.195. I feel that our order here should permit respondent to exercise a discretion in determining whether the cases are in fact to be consolidated under the rule, or whether the motions to consolidate should be denied. Perhaps that discretion might be reviewed upon proper application, but in any event the initial determination should be that of trial court. That court must enter an order which has some real effect and meaning. No such order as the one herein attacked should be made in the future.