**Mrs. Mattie Sue BALDWIN, Plaintiff,**

**v.**

**Mrs. Mary PICKENS, Defendant.**

**No. CA/4129.**

United States District Court
W. D. South Carolina,
Anderson Division.

Sept. 28, 1962.

Charles & Charles, Greenwood, S. C., for plaintiff.

Walter H. Hood, Anderson, S. C., for defendant.

WYCHE, Chief Judge.

In this case the plaintiff alleges "That the Plaintiff is a non-resident of the State of South Carolina, residing in the City of Orlando and State of Florida. That the Defendant, Mrs. Mary Pickens, is a citizen and resident of the County of Oconee in the State of South Carolina." And, there is no allegation in the complaint of the jurisdictional amount in the form and manner prescribed by the Rules of Civil Procedure.

The case is before me upon motion of the defendant "1. To dismiss the action on the ground that the Court lacks juris-

diction because the complaint does not allege the citizenship of the plaintiff. 2. To dismiss the action because the complaint does not contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. 3. To dismiss the action because the complaint does not contain a short and plain statement of the grounds upon which the Court's jurisdiction depends."

■ It is well established that the allegation of residence or that a party lives in a particular state is not an averment of citizenship therein which is essential to sustain the jurisdiction of this court; and that to show jurisdiction of the federal court the complaint must show diversity of citizenship, not merely diversity of residence.

■ However, defective allegations of jurisdiction may be amended at the trial or even in the appellate courts. 28 U.S.C.A. § 1653. Although formerly such jurisdictional amendments were permitted only to show diversity of citizenship (see former 28 U.S.C.A. § 399) Section 1653 broadens the statutory authorization to permit amendment of all jurisdictional allegations. Where, factually, jurisdiction exists at the time the complaint is filed, the fact alone that jurisdiction was not properly pleaded will not deprive the court of jurisdiction as of the time the suit was filed, if such defect be later remedied by amendment. International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 1941, 121 F.2d 561; 3 Moore's Federal Practice 838 (2d Ed. 1948).

Furthermore, under Rule 15, Rules of Civil Procedure, 28 U.S.C.A., a party may amend his pleading once as a matter of course at any time before responsive pleading is served. No answer or responsive pleading has been filed by the defendant in this case.

■ Rule 82, Rules of Civil Procedure, does not restrict the Court's power to allow amendment for the purpose of showing that jurisdiction actually exists.

■ Upon the hearing of the motion in this case, plaintiff's counsel stated that he had prepared an amended complaint so as to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief and alleging diversity of citizenship and the jurisdictional amount, in the form and manner prescribed by the Rules of Civil Procedure and intended to have the same served upon the defendant immediately.

Since the plaintiff intends to file and have served such an amended complaint in this case curing the defects in the complaint, it is my opinion that the motion to dismiss should be denied at this time, and

It Is So Ordered.