TRANSCONTINENTAL OIL CO., INC. OF NEVADA, Now Known as TRANSCONTINENTAL POWER COMPANY, GEORGE DITSON JONES, GEORGE H. HOWELL, JR., WINONA L. JACKSON, OWEN E. JACKSON and SALTON SEA POWER COM- PANY, a Nevada Corporation, Appellants, *v.* WILLIAM FREE and WESTERN GEOTHER- MAL, INC., Respondents.

No. 4716

April 15, 1964                    391 P.2d 317

*Gregory & Gregory,* of Las Vegas, for Appellants.

*Vargas, Dillon, Bartlett & Dixon,* and *Robert W. Marshall,* of Reno, for Respondent Western Geothermal, Inc.

*Bible, McDonald & Carano,* of Reno, for Respondent William Free.

## OPINION

By the Court, THOMPSON, J.:

The main question presented on this appeal is whether the district court had jurisdiction to enter an order setting the time for hearing a petition for the appointment of a temporary receiver, when it had dismissed the plaintiffs' complaint with leave to amend and the amendment had not yet been made. The question arose out of the following circumstances.

Free (plaintiff), as a stockholder in Transcontinental Oil Co., Inc. (defendant), brought suit in which he requested, among other things, the issuance of an injunction and the appointment of a receiver. His complaint was defective. It failed to allege that he owned 10% of the outstanding stock of Transcontinental, as required by NRS 78.630 and NRS 78.650 (though it did state his ownership of 500,000 shares of the defendants' capital stock). After answering, Transcontinental, by motion, challenged the legal sufficiency of the complaint. The court dismissed the complaint, with leave to amend, and on the same day ordered that the application for the appointment of a temporary receiver be heard three days later. A hearing on the application for a temporary

receiver was held at the appointed time, and an order made granting the request. Transcontinental appeals from the order appointing a temporary receiver. NRCP 72 (b) (2).

Under such circumstances Transcontinental contends that the district court lacked jurisdiction to specify a time for the hearing of Free's request for the appointment of a receiver. The complaint had been dismissed because of the failure to allege a fact requisite to the court's jurisdiction. The fatal defect had not been cured by amendment when the court made the order setting a hearing date, (though the complaint was amended before the hearing was had). Therefore, Transcontinental insists that the order designating the hearing date was void and made without jurisdiction, with the consequence that the hearing itself and the order appointing a temporary receiver were similarly infected. We reject this contention. Case authority is contra. In Interstate Refineries v. Barry, 8 Cir., 7 F.2d 548, the same contention was made. There the complaint was deficient because it did not show on its face that the suit was between citizens of different states, a jurisdictional requirement. The reviewing court was presented with the argument that the federal district court lacked power to issue an injunction or appoint a receiver before the complaint was amended to show jurisdiction. The court was not persuaded. It stated, "Amendments to pleadings properly allowed by the court, which present no new cause of action and no controlling fact which did not exist when the pleading was filed, relate back to and take effect at the time of its filing. The bill in this case stands as though the original bill read as does the amended bill, and the court had plenary jurisdiction of the case and of the parties to the amended bill from the time of the commencement of suit." See also Baldwin v. Pickens, D.C., 208 F.Supp. 889, where it was held, "Where, factually, jurisdiction exists at the time the complaint is filed, the fact alone that jurisdiction was not properly pleaded will not deprive the court of jurisdiction as of the time suit was filed, if such defect be

later remedied by amendment." We hold that the district court had jurisdiction to order a date for the hearing of the plaintiffs' application for a receiver, to hear that application, and to enter an order appointing a temporary receiver.

NRS 78.650(3) contemplates 5 days' notice when application for a temporary receiver is presented.[1] Transcontinental contends that the statutory notice requirement was not met in this case because the hearing of Free's request for the appointment of a receiver occurred on October 25, 1963 pursuant to a court order entered three days earlier. Of course it is true that on October 22, 1963 the court ordered the hearing to be held on October 25, 1963. If this was all that had happened, perhaps Transcontinental's argument would have significance. However, the record shows that the petition for the appointment of a temporary receiver was originally filed on October 8, 1963, and notice given that a hearing thereon would be held on October 17, 1963. The hearing did not occur at that time because other motions had been filed by then, and the court preferred to hear them all at the same time if it could conveniently do so. On October 21 and 22 the court disposed of such other motions and also designated October 25 as the time for hearing the application for a receiver. It is plain that the statute was complied with. Transcontinental had adequate notice.

Finally, Transcontinental insists that Free did not make a proper showing to justify the appointment of a receiver and that the district court abused its discretion in granting his request. This argument is not entitled to credit. NRS 78.650(1) lists 10 circumstances, any one of

---

[1]NRS 78.650(3) states, "In any such application for a receivership, it shall be sufficient for a temporary appointment if notice of the same be given to the corporation alone, by process as in the case of an application for a temporary restraining order or injunction, and the hearing thereon may be had after 5 days' notice unless the court shall direct a longer or different notice and different parties."

which will authorize the appointment of a temporary receiver upon application by a holder of 10% of the outstanding stock. For the purposes of this opinion it is sufficient to note that Free alleges four of them in his amended verified complaint. The affidavit of Kenneth P. Dillon alleges one of them, viz., danger to the public. Clearly, the showing was sufficient. Underwriters, Inc. v. District Court, 61 Nev. 42, 113 P.2d 616, 115 P.2d 932.

We are also asked to comment upon other matters. We refuse to do so, for they deal with certain interlocutory orders that are not appealable under NRCP 72.

Affirmed.

BADT, C. J., and McNAMEE, J., concur.