SEARCHLIGHT DEVELOPMENT, INC., A NEVADA CORPORATION; EL REY OPERATIONS, INC., A NEVADA CORPORATION; CASINO CORPORATIONS, INC., A NEVADA CORPORATION; JUDITH F. BAYLEY, CALVIN C. MAGLEBY AND PIONEER TITLE INSURANCE COMPANY OF NEVADA, NOW KNOWN AS TITLE INSURANCE AND TRUST COMPANY, A CALIFORNIA CORPORATION, APPELLANTS, *v.* WILLIAM J. MARTELLO, C. W. LYNN AND BONNIE G. CANTER, ON BEHALF OF THEMSELVES AND ALL OTHER STOCKHOLDERS OF SEARCHLIGHT DEVELOPMENT, INC., A NEVADA CORPORATION, AND EL REY OPERATIONS, INC., A NEVADA CORPORATION, AND SEARCHLIGHT DEVELOPMENT, INC., RESPONDENTS.

No. 5276

February 5, 1968                    437 P.2d 86

*Samuel S. Lionel,* of Las Vegas, for Appellants.

*C. W. Lynn, David Canter,* and *Louis Wiener, Jr.,* of Las Vegas, and *Samuel Riesman,* of Los Angeles, California, for Respondents.

## OPINION

By the Court, BATJER, J.:

This is an appeal taken by the defendants in the district court from a judgment entered and filed pursuant to NRCP 54(b).[1] The case was tried to the court below without a jury. The appellants contend that the district court was without jurisdiction to hear the particular matter and enter its judgment. We agree with this contention.

On August 31, 1966, Wiliam J. Martello and Bonnie G. Canter, respondents, individually and on behalf of all other stockholders of Searchlight Development, Inc., a Nevada corporation (hereinafter referred to as "Searchlight"), and El Rey Operations, Inc., a Nevada corporation (hereinafter referred to as "El Rey"), and Searchlight brought an action against Searchlight, El Rey, Casino Operations, Inc., a Nevada corporation, Judith F. Bayley, Calvin C. Magleby and Title Insurance and Trust Company, a California corporation (hereinafter referred to as "Title Company"), to (1) declare a trust deed on Searchlight's real property void; (2) to declare that Martello, Canter and Louis E. Cooper are the directors and officers of Searchlight; (3) to obtain damages in the amount of $1,250,000; and (4) to appoint receivers of Searchlight and El Rey. At the time that the action was commenced Martello owned 46 percent and Canter owned 4 percent of the stock in Searchlight and El Rey.

On September 7, 1966, Judge George E. Marshall granted

---

[1]NRCP 54(b). "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

a continuance of the respondent's motion for a preliminary injunction and the appointment of a receiver. The motion was heard on October 18, and 19, 1966, and at that time Judge Marshall continued a prior restraining order against Judith F. Bayley, one of the appellants, enjoining her from foreclosing a second deed of trust against Searchlight.

Trial was set for November 14, 1966. On that date Judge Marshall was out of the judicial district, and not wishing to hear any protracted cases, as his term in office was nearing an end, he transferred the case to Judge John F. Sexton of the Third Judicial District. There was no written request by Judge Marshall that Judge Sexton hear the case.

On December 19, 1966, the respondents appeared before Judge Sexton and moved for an early trial. Trial was set for December 28, 1966, and was later continued until January 5, 1967.

Meanwhile on December 8, 1966, under a court order made pursuant to NRS 79.180, in the case of D. W. Mercer, doing business as Mercer Enterprises, plaintiff, and William J. Martello, doing business as El Rey Resort, defendant, Clark County case No. 116449, which in the record is identified as defendant's exhibit No. 1, the sheriff of Clark County was to levy upon and sell all of Martello's right, title and interest in Searchlight and El Rey, subject to the interest therein of the Internal Revenue Service.

On December 27, 1966, after notice, the sheriff sold Martello's interest to appellant Bayley for $2,000.

Later that same day Judge Sexton, in the case of C. W. Lynn, plaintiff, v. Judith F. Bayley, Calvin C. Magleby, D. W. Mercer, Howard Babcock, Ralph Lamb, Searchlight Development, Inc., and El Rey Operations, Inc., defendants, Clark County case No. A39354, issued a restraining order prohibiting Bayley, et al., from selling or encumbrancing the interest which she purchased at the sheriff's sale.

The next day, December 28, 1966, respondent Lynn filed the complaint in case No. A39354, supra, alleging that on December 26, 1966, he had purchased the stock in question from Martello by an assignment separate from the certificates, and that the sheriff's sale was null and void.

On January 4, 1967, the appellants filed a motion to drop Martello as a plaintiff on the ground that all his interest in Searchlight and El Rey had been sold at the sheriff's sale of December 27, 1966.

The motion was denied and the court added Lynn as a party-plaintiff.

On January 13, 1967, a "Judgment Pursuant to Nevada Rules of Civil Procedure-Rule 54(b)" was filed, which judgment appointed a corporate receiver for the property of Searchlight and El Rey, and enjoined all creditors of the two corporations from bringing any action against the two corporations and specifically enjoined the appellant Title Company and one Marshall W. Sawyer, the holder of a first trust deed on some of Searchlight's real property, from foreclosing such trust deed. Findings of Fact and Conclusions of Law were filed the same day.

Among the many assignments of error, appellants claim that the district court was without jurisdiction to appoint a receiver for Searchlight and El Rey because the respondents Martello and Canter were not the holders of one-tenth of the issued and outstanding capital stock of those corporations on the date the trial of the matter commenced as required by NRS 78.650(1).[2]

There is no merit in respondent Lynn's contention that he acquired all of the stock in Searchlight and El Rey from Martello prior to the sheriff's sale on December 27, 1966.

There was no physical delivery of the certificates by Martello to Lynn and the purported transfer did not meet the

---

[2]NRS 78.650(1). "1. Any holder or holders of one-tenth of the issued and outstanding capital stock may apply to the district court, held in the district where the corporation has its principal place of business, for an order dissolving the corporation and appointing a receiver to wind up its affairs, and by injunction, restrain the corporation from exercising any of its powers or doing business whatsover, except by and through a receiver appointed by the court, whenever:

(a) The corporation has willfully violated its charter; or

(b) Its trustees or directors have been guilty of fraud or collusion or gross mismanagement in the conduct or control of its affairs; or

(c) Its trustees or directors have been guilty of misfeasance, malfeasance or nonfeasance; or

(d) The corporation shall be unable to conduct the business or conserve its assets by reason of the act, neglect or refusal to function of any of the directors or trustees; or

(e) The assets of the corporation are in danger of waste, sacrifice or loss through attachment, foreclosure, litigation or otherwise; or

(f) The corporation has abandoned its business; or

(g) The corporation has not proceeded diligently to wind up its affairs, or to distribute its assets in a reasonable time; or

(h) The corporation has become insolvent; or

(i) The corporation, although not insolvent, is for any cause not able to pay its debts or other obligations as they mature; or

(j) The corporation is not about to resume its business with safety to the public."

requirements of NRS 79.050.[3] All Lynn received, if anything, was a promise to transfer (see NRS 79.140),[4] and Lynn's remedy, if any, is against Martello.

The sale of Martello's right, title and interest in his outstanding stock in Searchlight and El Rey, by the sheriff pursuant to the order of the district court, was valid, and Bayley became the legal owner of Martello's interest subject to the rights of the Internal Revenue Service.

The district court was authorized under NRS 79.180[5] (now NRS 104.837), to issue the order in Mercer v. Martello, No. 116449, supra, and being valid on its face is not subject to collateral attack in this case.

An order of a court of general jurisdiction cannot be assailed by collateral attack unless upon the face of the record it lacks jurisdiction. In Rowe v. Blake, 44 P. 1084 (Cal. 1896), the court said: "But it must be observed that this is not a direct, but a collateral, attack upon the proceedings of the court which

---

[3]NRS 79.050. "Title to a certificate of and to the shares represented thereby can be transferred only:

"1. By delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby; or

"2. By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign, or transfer the same or the shares represented thereby signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specific person.

"The provisions of this section shall be applicable although the charter or articles of incorporation or code of regulations or bylaws of the corporation issuing the certificate and the certificate itself provide that the shares represented thereby shall be transferable only on the books of the corporation or shall be registered by a registrar or transferred by a transfer agent."

[4]NRS 79.140. "An attempted transfer of title to a certificate or to the shares represented thereby without delivery of the certificate shall have the effect of a promise to transfer and the obligation, if any, imposed by such promise shall be determined by the law governing the formation and performance of contracts."

[5]NRS 79.180. "A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof as is allowed at law or in equity, in regard to property which cannot readily be attached or levied upon by ordinary legal process."

resulted in such order, and in such case every intendment is to be indulged in support of the regularity of those proceedings and such determination."

In the case of Lieberman v. Superior Court, 236 P. 570 (Cal. 1925), the court said: "The rule against collateral impeachment of judgments applies generally to all varieties of judgment, decrees, or orders made by courts of competent jurisdiction, in all kinds of judicial proceedings."

Respondents contend that the order of the district court under NRS 79.180 (now 104.837), is erroneous, and that the sheriff's sale made pursuant thereto was void.

In the case of Rowe v. Blake, supra, the court went on to say: "The order was sufficiently pleaded and found, and is to be sustained by the same presumptions of regularity as attach to a judgment, and is not subject to be overthrown otherwise than in a direct proceeding for the purpose. However erroneously the court may have acted in the premises, it being within its jurisdiction to make the order, its order is not absolutely void, and mere error cannot affect its binding effect for present purposes. This being true, the process issued in pursuance of such order was not void, even if erroneous, and the proceedings taken thereunder in execution of the judgment are protected by the same presumptions of regularity as attach to the judgment itself. A collateral attack can no more be made upon an erroneous execution than upon an erroneous judgment. Like erroneous judgments, an erroneous execution is valid until set aside upon a direct proceeding brought for that purpose, and until set aside all acts which have been done under it are also valid. In a collateral action it cannot be brought in question, even by a party to it, much less, as in this case, by a stranger to it. Hunt v. Loucks, 38 Cal. 382." Minardi v. Collopy, 316 P.2d 952 (Cal. 1957); Flynn v. Janssen, 266 S.W.2d 666 (Mo. 1954); Salt Lake City v. Industrial Commission, 22 P.2d 1046 (Utah 1933).

In Flynn v. Janssen, supra, the court said: "An order made by a court in the course of a judicial proceeding imports the same absolute verity as does a judgment. State ex rel. Sprately v. Maries County, 339 Mo. 577, 580[2], 98 S.W.2d 623, 624[3–5]. Thus an order or judgment (at least one which is not absolutely unintelligible) cannot be void on its face or an absolute nullity if it appears that the court which entered it had jurisdiction of the parties and of the subject matter and had jurisdiction to enter the particular order."

When the trial commenced on January 6, 1967, Judith F. Bayley was the legal owner of all of Martello's interest in the

issued and outstanding stock of both Searchlight and El Rey, and the district court was without jurisdiction to consider the matter and enter its judgment pursuant to NRCP 54(b) because the respondents were not then holders of one-tenth of the issued and outstanding capital stock as required by NRS 78.650(1). Transcontinental Oil Co. v. Free, 80 Nev. 207; 391 P.2d 317 (1964).

The district court does not have jurisdiction to appoint a corporate receiver, unless the applicant holder or holders of one-tenth of the issued and outstanding stock has legal title at the time the court considers the application.

In Hill v. Vaill, 176 A.2d 881 (N.J. 1961), that court said: "Here, as of the moment when the court is determining whether or not a temporary receiver should be appointed, 'with due regard to the relevant statutes,' less than the required statutory percentage of the stock is now demanding such appointment. This is the controlling time, rather than the moment when the complaint and application were originally drafted or signed or even filed in court."

Finding the district court without jurisdiction to hear this matter, the appellant's remaining assignments of error are not here considered or decided.

The judgment pursuant to NRCP 54(b) is reversed, the injunction granted therein is hereby dissolved, and this case is remanded for further proceedings not inconsistent with this opinion.

THOMPSON, C. J., COLLINS, ZENOFF, and MOWBRAY, JJ., concur.