NISHON'S INC., and NISH KERKORIAN, Appellants,
v. PAUL KENDIGIAN, Respondent.

No. 7643

July 31, 1975            538 P.2d 580

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas, for Appellants.

*David Abbatangelo,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellants sued for breach of an employment agreement. Respondent filed counterclaims relating to his employment agreement, his corporate stock, and certain corporate funds.

Upon respondent's motion, the district court appointed a receiver to oversee the corporation. Appellants contend the appointment was an abuse of judicial discretion. We disagree.

The employment agreement required respondent to manage the corporate business, a restaurant, to purchase 49% of its stock, and to loan it $25,500. Difficulties ensued, causing the eventual termination of the employment relationship. Thereafter, Kerkorian, president of the corporation and owner of the remaining stock, called joint meetings of stockholders and directors to discuss the sale of the restaurant property. Notice of the meetings was sent to respondent at the restaurant address, after he vacated the premises; thus he did not attend. Appellants sold the property to a third party. Those present at the meeting agreed that the proceeds from the sale would go directly to Kerkorian in lieu of payment of certain corporate obligations owing to him. Kerkorian agreed to assume all unpaid obligations of the corporation due to its suppliers, purveyors and for taxes. This action and appointment of a receiver followed.

The appointment of a receiver is an action within the trial court's sound discretion and will not be disturbed absent a clear abuse. Peri-Gil Corp. v. Sutton, 84 Nev. 406, 442 P.2d 35 (1968); Bowler v. Leonard, 70 Nev. 370, 269 P.2d 833 (1954). We believe the appointment proper under NRS 78.650.[1]

---

[1]NRS 78.650 declares in pertinent part:

"1. Any holder or holders of one-tenth of the issued and outstanding capital stock may apply to the district court, held in the district where the corporation has its principal place of business, for an order dissolving the corporation and appointing a receiver to wind up its affairs, and by injunction restrain the corporation from exercising any of its powers or doing business whatsoever, except by and through a receiver appointed by the court, whenever:

(a) The corporation has willfully violated its charter; or

(b) Its trustees or directors have been guilty of fraud or collusion or gross mismanagement in the conduct or control of its affairs; or

(c) Its trustees or directors have been guilty of misfeasance, malfeasance or nonfeasance; or

(d) The corporation shall be unable to conduct the business or conserve its assets by reason of the act, neglect or refusal to function of any of the directors or trustees; or

(e) The assets of the corporation are in danger of waste, sacrifice or loss through attachment, foreclosure, litigation or otherwise; or

(f) *The corporation has abandoned its business;* or

(g) The corporation has not proceeded diligently to wind up its affairs, or to distribute its assets in a reasonable time; or

(h) The corporation has become insolvent; or·

Respondent and Kerkorian are the only shareholders, an action and counterclaims are pending, respondent alleges fraud and mismanagement, and questions Kerkorian's entitlement to certain corporate funds. With the sale of the restaurant, the corporation effectively abandoned its business. Under these circumstances, we perceive no abuse of discretion. Cf. Transcontinental Oil Co. v. Free, 80 Nev. 207, 391 P.2d 317 (1964).

Affirmed.

(i) The corporation, although not insolvent, is for any cause not able to pay its debts or other obligations as they mature; or

(j) The corporation is not about to resume its business with safety to the public.

2. The application may be for the appointment of a receiver, without at the same time applying for the dissolution of the corporation, and notwithstanding the absence, if any there be, of any action or other proceeding in the premises pending in such court." (Emphasis added.)