MEDICAL DEVICE ALLIANCE, INC., Appellant, v. ROBERT AHR, an Individual; ANTOINETTE AHR, an Individual; RICHARD ALBIN, an Individual; DONNA ALBIN, an Individual; NICHOLAS ALEXANDER, Trustee; GLENN ALPERT, Trustee; GREGORY ANDERSON, an Individual; ANTIN & HAAS; LESTER AROH, an Individual; KENNETH ASCH, an Individual; JULIAN BEALE, an Individual; RICHARD BERTI, an Individual; MARGUERITE BERTI, Trustee; FREDERICK BINKLEY, Trustee; MICHAEL BOGGS, an Individual; DONALD BORDEN, an Individual; JEFFREY BRENNER, an Individual; BELLE BRONFELD, an Individual; LARRY BRUNGARDT, an Individual; WILLIAM COLEMAN BRYAN, an Individual; CABRILLO CARD. MED. GP. (R. ROTHCHILD); JOSEPH CAMARDESE, an Individual; CHELSEA ASSOCIATES (RANDALL HARRIS); WARREN CLARK, an Individual; ROBERT CLARK, an Individual; HAROLD COHEN, an Individual; WILLIAM CONLEY, an Individual; TED COOPER, an Individual; SEAN COUGHLIN, an Individual; KANAAN "KENNY" DANDACHI, an Individual; THOMAS DEAKMAN, an Individual; STEVEN DRESNER, an Individual; LAWRENCE DUMAIN, an Individual; DEANNA DUMAIN, an Individual; JAMES "JIM" FAYETTE, an Individual; MARK FERGUSON, an Individual; STEPHEN FROST, an Individual; SUZANNE FROST, an Individual; EDWARD I. GALFSKY, an Individual; JOHN GASSER, an Individual; ROBERT GAULT, an Individual; THELMA GAULT, an Individual; DARRELL GLAHN, an Individual; BLYTHE GLAHN, an Individual; MICHAEL GROSSMAN, an Individual; BRIAN HALINA, an Individual; KATHLEEN HELLMERS, Trustee; KENNETH HERSH, an Individual; HILLIARD LTD. PARTNERSHIP; DANIEL HILLIARD, an Individual; WJ HILLIARD FAMILY TRUST; SY HIMELSTEIN, an Individual; INNER SOURCES, INC.; MIKE ISMAIL, an Individual; HERB JOHNSON, an Individual; BRENDA JOHNSON, an Individual; GABRIEL KAPLAN, an Individual; L. ROLLS (NOMINEES) LTD. (L. ROLLS); WILLIAM LARRABEE, an Individual; BONNIE LARRABEE, an Individual; PETER LAWRENCE, an Individual; MARK LEGGIO, an Individual; LEVANTHAL PAGET LLC, an Individual; JAMES LYNCH, an Individual; EDWARD MARANDOLA, JR., an Individual; FILIZI "PHILIP" MATHIS, an

324

INDIVIDUAL; FRANK MATHIS, AN INDIVIDUAL; ROBERT McCURDY, AN INDIVIDUAL; EDWARD LOW MILLS, AN INDIVIDUAL; JAMES MILLS, AN INDIVIDUAL; MICHAEL MOELLER, AN INDIVIDUAL; ALBERT MOLINARO, AN INDIVIDUAL; STEVE NATALE, AN INDIVIDUAL; KAY NIX, AN INDIVIDUAL; LINDA WALLACE PATE, AN INDIVIDUAL; ROBERT PEKELNICKY, AN INDIVIDUAL; EMILY PEKELNICKY, AN INDIVIDUAL; JON PETERS, AN INDIVIDUAL; ALICE POSHKUS, AN INDIVIDUAL; REGINA POSHKUS, AN INDIVIDUAL; NICHOLAS POSHKUS, AN INDIVIDUAL; DAVID B. RADDEN, AN INDIVIDUAL; RICHARD ROSSI, AN INDIVIDUAL; JAMES SCHLOEMAN, AN INDIVIDUAL; DAVID A. SCHULT, AN INDIVIDUAL; JEFF SEAVEY, AN INDIVIDUAL; MORRIS SILVER, AN INDIVIDUAL; HOLLIS R. SMITH, AN INDIVIDUAL; LEMBITU SORRA, M.D., AN INDIVIDUAL; ARTHUR STEINBERG, AN INDIVIDUAL; IRA ACCOUNT; CARL F. STEINFIELD, AN INDIVIDUAL; KEN STOKES, AN INDIVIDUAL; THOMAS SULZBACH, AN INDIVIDUAL; EUNA SULZBACH, AN INDIVIDUAL; ROBERT E. WALKER, AN INDIVIDUAL; DAVID WILSON, AN INDIVIDUAL, PLAINTIFFS; CHIEFTAIN LLC, WILLIAM J. DOWNEY, JR., AN INDIVIDUAL; MARY ANN FLYNN, AN INDIVIDUAL; R. KARL LICHTY, AN INDIVIDUAL; LAURENS L. LICHTY, AN INDIVIDUAL; LEONARD MAKOWKA, AN INDIVIDUAL; AND KURT G. TOPPEL, AN INDIVIDUAL, RESPONDENTS.

No. 34586

November 29, 1999                         988 P.2d 308

*William E. Cooper Law Offices,* Las Vegas, for Appellant.

*James, Driggs, Walch, Santoro, Kearny, Johnson & Thompson* and *John E. Ham* and *Aviva Y. Gordon,* Las Vegas, for Respondents.

Before YOUNG, AGOSTI and LEAVITT, JJ.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court appointing a temporary receiver over the appellant corporation.

On March 19, 1999, respondents, some of the shareholders of appellant Medical Device Alliance (MDA), filed a complaint in Eighth Judicial District Court, and filed a motion seeking the appointment of a temporary receiver for MDA. *See* NRS 78.650. In the motion, respondents argued that the directors of MDA had engaged in improper conduct. On June 30, 1999, after a hearing, the district court granted the motion and appointed a temporary receiver. The district court made an express finding that the directors of MDA have been ''guilty'' of fraud, collusion or gross mismanagement, as well as misfeasance, malfeasance or nonfeasance, and that the assets of the corporation were in danger of waste, sacrifice or loss through attachment, foreclosure, or litigation. On July 26, 1999, appellant filed a timely notice of appeal.

On September 2, 1999, respondents filed a motion to dismiss the appeal, and an opposition was filed on September 13, 1999. Respondents make two arguments that the attorney who purports to represent MDA in this appeal lacks standing to pursue the appeal. First, they contend that the receiver did not authorize appellant's attorney to file the notice of appeal, because the order that the district court entered gave the receiver the sole power to

institute actions in court. Second, they maintain that the appellant, MDA, is not an aggrieved party. The rules of this court restrict appeals to those sought by aggrieved parties. *See* NRAP 3A(a); *see also* Valley Bank of Nevada v. Ginsburg, 110 Nev. 440, 874 P.2d 729 (1994) (explaining that this court has jurisdiction to entertain an appeal only where the appeal is brought by an aggrieved party). Here, respondents urge that only the former board of directors is seeking the instant appellate review, not the corporation, which is represented by the receiver. Their argument is that the corporation was a party below, but is not aggrieved, and that the former board of directors may be aggrieved, but were not parties below.

We conclude that the corporation has standing to appeal through the board of directors. This court's rules provide for an appeal from an order appointing a receiver. *See* NRAP 3A(b)(2). Where a receiver is appointed to oversee the operations of a corporation, the corporation is the aggrieved party and has a right to appeal from that order. *See* Luckenbach v. Laer, 212 P. 918, 920 (Cal. 1923). This court has previously entertained such an appeal by a corporation from an order appointing a receiver. *See* Nishon's Inc. v. Kendigian, 91 Nev. 504, 538 P.2d 580 (1975). The corporation is aggrieved because its normal operations and processes pursuant to its articles of incorporation and bylaws have been disrupted by the receiver's appointment. *See* NRAP 3A(a). Although it may be argued that the corporation is not aggrieved because the order appointing a receiver is in its best interests, such an argument assumes the proposition that this appeal is intended to decide, specifically, whether the district court's appointment of a receiver was proper under the circumstances. Further, ''[i]t is not necessary that a receiver authorize an appeal by a corporation claiming to be aggrieved by the order appointing him if the corporation is a party of record to the proceedings from which the appeal is taken.'' Pratt v. Robert S. Odell & Co., 122 P.2d 684, 686 (Cal. Ct. App. 1942). We therefore deny the motion to dismiss the appeal.