An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PARADISE HARBOR PLACE TRUST,
Appellant,
vs.
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF THE
RESIDENTIAL ASSET
SECURITIZATION TRUST 2004-A4,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-D
UNDER THE POOLING AND
SERVICING AGREEMENT DATED
JUNE 1, 2004; AND BARRETT DAFFIN
FRAPPIER TREDER & WEISS LLP,
Respondents.

No. 65229

**FILED**

AUG 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

When our preliminary review of the docketing statement and the NRAP 3(g) documents submitted to this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed. Specifically, it appeared that claims against a defendant remained pending below, and the order being appealed did not contain a proper certification under NRCP 54(b), as the district court failed to make an express determination that there was no just reason for delay and expressly direct entry of judgment.

In a timely response to our show cause order, appellant acknowledges this jurisdictional defect and maintains that it will "await[ ] further order from this court." In reply, respondent Deutsche Bank National Trust Company also acknowledges the jurisdictional defect, but contends that this court should nevertheless exercise jurisdiction over this

14-25274

appeal because the express requirements under NRCP 54(b) can be inferred from the tenor of the appealed order.

Having considered the response and reply, we remain unconvinced that jurisdiction over this appeal is proper, as the defect identified by this court's previous order has not been cured, and as it would be improper to infer compliance with NRCP 54(b). *See* NRCP 54(b); *Hern v. Erhardt*, 113 Nev. 1330, 1334 n.4, 948 P.2d 1195, 1197 n.4 (1997); *Aldabe v. Evans*, 83 Nev. 135, 425 P.2d 598 (1967); *see also Local P-171, Etc. v. Thompson Farms Co.*, 642 F.2d 1065, 1071-72 (7th Cir. 1981) (explaining the important purposes served by requiring both an express determination of no just reason for delay and express entry of judgment). Accordingly, we conclude that we lack jurisdiction and thus

ORDER this appeal DISMISSED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge

---

[1]The appealed order also granted appellant leave to amend its complaint. As a result, it further appears that, even if the district court had made express NRCP 54(b) determinations, certification of the order as final would be improper. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) ("[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained."); *cf. Transcontinental Oil Co. of Nev. v. Free*, 80 Nev. 207, 209, 391 P.2d 317, 318 (1964) (recognizing that the district court does not lose jurisdiction over a case after entering an order of dismissal with leave to amend).

Law Offices of Michael F. Bohn, Ltd.
Brooks Hubley LLP
Wright, Finlay & Zak, LLP/Las Vegas
Eighth District Court Clerk