# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLAUDIO ARELLANO; CROWN EQUITY'S LLC; FIFTH AVENUE 2254 LLC; HALEVI ENTERPRISES LLC; HALEVI SV 1 LLC; HALEVI SV 2 LLC; HILLCREST ACQUISITIONS LLC; HILLCREST CENTER SV I LLC; HILLCREST CENTER SV II LLC; HILLCREST CENTER SV III LLC; IBH CAPITAL LLC; LEONITE CAPITAL LLC; N5HYG LLC; AND RYMSSG GROUP, LLC,
Appellants,
vs.
MANUEL IGLESIAS, AN INDIVIDUAL; EDWARD MOFFLY, AN INDIVIDUAL; DANIEL T. MCGOWAN, AN INDIVIDUAL; FRANK KELLY, AN INDIVIDUAL; MARTHA MAIRENA CASTILLO, AN INDIVIDUAL; GLENN MARRICHI, M.D., AN INDIVIDUAL; KEITH COLLINS, M.D., AN INDIVIDUAL; JACK MANN, M.D., AN INDIVIDUAL; AND JOSEPH CAMPANELLA, AN INDIVIDUAL,
Respondents.

No. 76969

FILED

JUL 3 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order awarding attorney fees in a receivership action. First Judicial District Court, Carson City; James E. Wilson, Judge.

NRS 78.650(1) allows "[a]ny holder or holders of one-tenth of the issued and outstanding stock" to apply for an order appointing a

receiver. Under that section, appellants applied for an appointment of receiver over Hygea Holdings Corp., a company that purchases and administers medical practices. Respondents are current and former Hygea officers.

For purposes of NRS 78.650's jurisdictional requirement, appellants argued that their collective holdings in Hygea were more than one-tenth of the company's issued and outstanding stock by using a denominator equal to the total number of outstanding shares listed in their stock purchase agreement (SPA) with the company. But the district court determined that appellants' calculation did not prove their ten-percent ownership, being based on a statement of the total undiluted shares made more than eighteen months prior to the filing at issue. Accordingly, the district court dismissed appellants' receivership petition and respondents moved for attorney fees.

In considering respondents' motion, the district court noted that, more than merely failing to present evidence, appellants "did 'hardly anything' to determine the actual number of shares issued and outstanding at or near the time of trial," and further that appellants had "rejected the [district court's] offers to continue the trial to . . . seek further discovery on the number of Hygea shares issued and outstanding." Additionally, prior to dismissal, appellants had rejected an offer of judgment by respondents, which offered the resignation and permanent dissociation of Hygea's CEO and CFO from the company, and to reimburse appellants' filing fees. Accordingly, the district court awarded attorney fees in respondents' favor pursuant to NRS 18.010(2)(b) (allowing award to a prevailing party where "the claim . . . was brought or maintained without reasonable ground") and NRCP 68(f)(1) (allowing award where a

party rejects a settlement "offer and fails to obtain a more favorable judgment"). This appeal followed.

*The district court did not abuse its discretion in awarding attorney fees under NRS 18.010(2)(b)*

Under NRS 18.010(2)(b), a district court may award attorney fees to a prevailing party "[w]ithout regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." We review a district court's decision to award or deny attorney fees for an abuse of discretion. *Watson Rounds, P.C. v. Eighth Judicial Dist. Court*, 131 Nev. 783, 787, 358 P.3d 228, 231 (2015). "An abuse of discretion can occur when the district court bases its decision on a clearly erroneous factual determination or disregards controlling law." *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 89, 343 P.3d 608, 614 (2015).

*The district court did not disregard controlling law in applying NRS 18.010(2)(b)*

As a threshold matter, appellants argue that the district court disregarded the plain language of NRS 18.010(2)(b) when it awarded fees under the section, "rewr[iting]" it to say, "prevail at trial or pay attorneys' fees." But this is a gross mischaracterization of the district court's order, which expressly found, based on the reasons noted above, that in addition to respondents prevailing at trial, appellants "maintained their claims for the appointment of a receiver . . . without reasonable ground[s]." Thus, the district court's express application of the text of NRS 18.010(2)(b) belies appellants' claim on this front—the district court plainly did not disregard the statute and establish some "new and onerous standard" based on a purported "'prevailing party' rationale."

Appellants also suggest that the district court misapplied the law by failing to factor its prior denial of respondents' motion for summary judgment into its attorney fee decision. But this is another distortion of the district court's reasoning—the court expressly noted its prior denial of respondents' motion for summary judgment, and that such an outcome could, in certain cases, evince that a particular party brought and maintained claims reasonably. Here, however, the district court further reasoned, "the fact that [appellants'] claims[ ] survived the motion for summary judgment has no bearing on whether the claims were maintained through trial without reasonable grounds" because the motion "was denied as premature given the limited discovery that had been conducted at the time." And appellants have not pointed to any caselaw that would mandate a different outcome based on these circumstances. *See Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998) (determining that a claim was plausible and stating that "[t]he viability of [the] claim is underscored by the fact that he won a trial judgment in the district court after withstanding summary judgment *and* a post-trial motion for JNOV" (emphasis added)).

Appellants further argue that the district court committed legal error by allowing respondents to contest their ten-percent ownership because, according to appellants, respondents were estopped or otherwise precluded from doing so. But, NRS 78.650's ten-percent ownership requirement is jurisdictional, *Searchlight Dev., Inc. v. Martello*, 84 Nev. 102, 109, 437 P.2d 86, 90 (1968), and subject matter jurisdiction cannot be conferred by estoppel, *see Friedman v. Eighth Judicial Dist. Court*, 127

Nev. 842, 852-53, 264 P.3d 1161, 1168-69 (2011) (collecting cases).[1] Thus, even if, as appellants urge on appeal, the SPA prohibited respondents from diluting appellants' ownership in Hygea, this purported wrongdoing would have no bearing on the question at hand. And appellants' argument that respondents waived any challenge to their ten-percent ownership by failing to initially argue it in the district court is likewise beside the point. Even if we accepted that appellants somehow waived the issue, we would consider the jurisdictional question sua sponte. *Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011).[2]

*The district court did not make any erroneous factual determinations*

As discussed above, appellants base their claim of ten-percent ownership on language in the SPA. Specifically, appellants point to a statement in the SPA which states that appellant N5HYG's purchase of 23,437,500 shares in Hygea was equal to 8.57 percent of issued and outstanding, nondiluted shares, on that particular date in 2016. From that statement, appellants extrapolate that Hygea therefore had (23,437,500/.0857) 273,483,081 total nondiluted shares issued and outstanding at that time. According to appellants then, when the holdings of Arellano, Crown, Fifth Avenue, Halevi Enterprises, Hillcrest

---

[1]Given the clarity of this caselaw, appellants' alternative argument that the district court erred by awarding attorney fees where a novel argument is raised, likewise fails.

[2]Appellants imply further that this court should ignore the ten-percent requirement because of the merits of their mismanagement claims. But a district court does not have authority to consider the merits of an NRS 78.650 action brought by less than ten percent of a company's shareholders. *Searchlight*, 84 Nev. at 109, 437 P.2d at 90. Thus, whether other elements of NRS 78.650 might have been met has no bearing here.

Acquisitions, Hillcrest SV I, Hillcrest SV II, Hillcrest SV III, IBH, Leonite, and RYMSSG are factored in (5,663,200 shares), appellants collectively hold 10.65 percent of Hygea stock. Appellants argue that the district court clearly erred in determining otherwise.

But, the district court did not clearly err by refusing to accept appellants' algebraic extrapolation at face value. Just on its terms, the SPA allows for dilution of appellants' stockholdings through the issuance of shares pursuant to warrants, options, and similar instruments. And there was additional evidence that Hygea actually diluted appellants' shares according to those terms in the eighteen months between appellants' signing of the document and filing of the petition.

Appellants alternatively argue that the district court clearly erred by finding that they had failed to diligently investigate their jurisdictional claims, emphasizing various actions they purport to have taken to obtain additional information regarding the company's total issued and outstanding shares. But the record supports the district court's finding. For one, appellants imply that respondents failed to produce evidence showing the outstanding and issued shares in Hygea. But a review of the record demonstrates that respondents produced at least two share rosters. And while appellants point to supposed shortcomings in the documents—one listed only certificated shares, and the other was produced after discovery cut off—those shortcomings should not have prevented appellants from being able to use the rosters to prove their ten-percent ownership. Even further, respondents appear to have produced a shareholder register, which appellants rejected for noncompliance with the company's bylaws. But even this rejection seems questionable, given that a representative for appellants admitted that

SUPREME COURT
OF
NEVADA

(O) 1947A

6

they did not pursue the contractual avenues required to obtain a fully compliant register.

Accordingly, we find that the district court did not misapply law or make any clearly erroneous determinations of fact in awarding attorney fees under NRS 18.010(2)(b) and there was no abuse of discretion.

*The district court did not abuse its discretion by awarding attorney fees under NRCP 68*

NRCP 68 affords an independent, equally supported basis for upholding the district court's award. As noted, before the district court dismissed the petition, respondents made a settlement offer to appellants, which appellants rejected. And, under NRCP 68(f)(1), where an offer of judgment is made and "the offeree rejects an offer and fails to obtain a more favorable judgment," the offeror may recover reasonable attorney fees. *Beattie v. Thomas*, 99 Nev. 579, 588, 668 P.2d 268, 274 (1983). Again, we review the district court's findings for abuse of discretion, as informed by

> "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount."[3]

*Id.* at 588-89, 668 P.2d at 274.

As a threshold matter, we disagree that respondents' offer was somehow technically deficient because it was not "more favorable" than

---

[3]Appellants do not challenge the amount of attorney fees awarded.

dismissal, or because its terms were ambiguous.[4] Appellants' proposed requirement that the offer of judgment be "more favorable" than the judgment turns NRCP 68(f)(1) on its head—by its terms, the rule penalizes an offeree who "rejects an offer and fails to *obtain a more favorable judgment.*" (Emphasis added.) And the terms of respondents' offer outlined above were sufficiently definite such that appellants cannot plausibly claim that the outright rejection they obtained was "more favorable," likewise negating any claim of fatal ambiguity. *Markow v. Rosner*, 208 Cal. Rptr. 3d 363, 384 (Ct. App. 2016) (holding that nonmonetary terms or conditions are not ambiguous where they are sufficiently certain and capable of valuation to allow a court to determine whether the judgment is more favorable than the offer (internal quotation marks omitted)); *see also Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592, 599 (Alaska 2005) (nonmonetary offer could be valid so long as it was unambiguous and unconditional, and purchaser's offer unambiguously described exactly what relief purchaser would have provided if the offer had been accepted).

Further, the district court did not clearly err in its determination of facts illustrating appellants' bad faith in bringing the underlying petition. Though appellants purported to base their claim of ten-percent ownership on a nearly two-year-old SPA, this was either unreasonable or untrue—as discussed, even just on the face of the SPA,

---

[4]Appellants argue for the first time on appeal that the offer does not qualify under NRCP 68 because it required them to accept a judgment against themselves. We decline to address this argument. *Delgado v. Am. Family Ins. Grp.*, 125 Nev. 564, 571, 217 P.3d 563, 567 (2009) (stating that issues raised for the first time on appeal are waived).

appellants had knowledge that their stockholdings were subject to dilution in certain circumstances. Moreover, testimony suggested that appellants further had knowledge that the dilution had occurred, access to unofficial stockholder rosters that apparently showed they held less than ten-percent ownership, and failed to subsequently request official and complete stockholder rosters according to the terms of Hygea's articles of incorporation. Simply put, the record supports that appellants knew or should have known that they failed to meet the jurisdictional requirement.

Nor do we agree with appellants that respondents' offer was in bad faith or otherwise unreasonable, being supposedly nominal in monetary value and offered prior to respondents' production of the most current share roster. Nonmonetary offers of judgment are not necessarily unreasonable under NRCP 68, *Cook*, 116 P.3d at 599, and offers to cover filing fees can likewise qualify, *see O'Neil v. Wal-Mart Stores, Inc.*, 602 So. 2d 1342, 1344 (Fla. Dist. Ct. App. 1992) (noting that in the context of an offer for judgment, filing fees "are not insignificant sums" and give the offeree "a real incentive to" settle). And prior to the offer, respondents had already produced (and attempted to introduce into evidence over appellants' hearsay objections) two versions of the share roster, an unofficial shareholder register, and multiple sworn witness declarations stating that appellants no longer held ten percent of issued and outstanding stock, all of which gave appellants ample opportunity to consider the strength of their position. What is more, it was appellants' burden to prove they held ten percent of Hygea's stock—they could not reasonably rest on their laurels, awaiting respondents' trial production. The caselaw appellants cite is therefore unpersuasive. *See, e.g., Trs. of Carpenters for S. Nev. Health & Welfare Tr. v. Better Bldg. Co.*, 101 Nev.

Supreme Court
of
Nevada

(O) 1947A

9

742, 746, 710 P.2d 1379, 1382 (1985) (holding that where a party could make no accurate determination as to an essential fact without the documents solely in offeror's possession, the offer was not reasonable). The district court therefore did not abuse its discretion in holding the offer was made in good faith and reasonable.

Finally, the district court did not abuse its discretion by determining that appellants' rejection of that reasonable, good-faith offer was grossly unreasonable. Appellants argue that they could not have known the district court would find that they did not hold ten percent of issued and outstanding stock. But, the uncertainty of taking a claim to trial is inherent in the settlement process; its existence does not necessarily render the rejection of an offer reasonable. *See* Peter Robinson, *An Empirical Study of Settlement Conference Nuts and Bolts: Settlement Judges Facilitating Communication, Compromise and Fear*, 17 Harv. Negot. L. Rev. 97, 109 (2012) ("Avoidance of risk is one of the greatest incentives for settlement."); 1 *Negotiating and Settling Tort Cases* § 3:32 (2009) (discussing "the positives of settlement in contrast to the risk of trial"). Appellants argue that the offer was "illusory" because Hygea's CEO would "remain[ ] a substantial shareholder." But the offer actually tendered the CEO's voluntary, perpetual dissociation from the company, a result appellants could not have achieved in any other way. Appellants point out that the offer was not the relief they requested. But an offer of compromise will rarely be exactly what either party seeks; that is the nature of compromise. *Compromise,* Black's Law Dictionary (11th ed. 2019) (defining a compromise as "an agreement for the settlement of a real or supposed claim in which each party surrenders something in

SUPREME COURT
OF
NEVADA

(O) 1947A

10

concession to the other"). In sum, none of these purported explanations would justify appellants in rejecting what was a reasonable offer.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. James E. Wilson, District Judge
       David Wasick, Settlement Judge
       The Miller Law Firm, P.C.
       Holley Driggs/Reno
       Albright Stoddard Warnick & Albright
       Lemons, Grundy & Eisenberg
       Daniel T. McGowan
       Edward Moffly
       Frank Kelly
       Glenn Marrichi, M.D.
       Jack Mann, M.D.
       Joseph Campanella
       Keith Collins, M.D.
       Manuel Iglesias
       Martha Mairena Castillo
       Carson City Clerk